DOROTHY GAGNON *v*. PLANNING COMMISSION
OF THE CITY OF BRISTOL ET AL.
(14288)

PETERS, C. J., CALLAHAN, GLASS, COVELLO and BORDEN, Js.

Argued January 7—decision released June 9, 1992

*Joann Paul,* for the appellant (plaintiff).

*Ann T. Baldwin,* assistant corporation counsel, for the appellees (named defendant et al.).

*Alfred F. Morrocco, Jr.,* with whom, on the brief, was *Mary-Lynn Nawrocki Krusz,* for the appellees (defendant Jon M. Pose et al.).

COVELLO, J. This is an appeal from the approval of an application for a subdivision by the named defendant, planning commission of the city of Bristol (planning commission). During the pendency of this appeal, the planning commission granted the applicant's request for a resubdivision of the same parcel. There was no appeal from the planning commission's action on the later resubdivision application. The issue presented is whether the present action was rendered moot and, is therefore, subject to dismissal because of the planning commission's subsequent approval of the resubdivision application. We conclude that the unchallenged, subsequent approval of the resubdivision of the same parcel renders the issues in the present action moot. We therefore affirm the judgment of the Appellate Court that sustained the trial court's dismissal of this appeal.

The procedural facts are not in dispute. On June 8, 1988, the defendants Jon M. Pose, James Session, Dominic Pietrofesa and Josephine Pietrofesa (defend-

ants) filed an application with the planning commission of the city of Bristol, for approval of an eighteen lot subdivision near the intersection of Shrub Road and Burlington Avenue in Bristol. On October 26, 1988, the planning commission approved the application. On November 7, 1988, the plaintiff, Dorothy Gagnon, an abutting property owner, filed a timely appeal in the Superior Court. The appeal alleged a failure to obtain inland wetlands approval, inadequacies in the public notice concerning the application, and irregularities in the planning commission's procedures in approving the application.

On December 7, 1988, during the pendency of this appeal, the defendants filed an application with the planning commission to resubdivide the same parcels. On December 21, 1988, the planning commission approved the resubdivision application. There was no appeal from the planning commission's second action. Following the expiration of the appeal period, the defendants recorded the resubdivision map on the Bristol land records.

On June 15, 1989, the defendants moved to dismiss the present appeal from the approval of their first subdivision application alleging that the plaintiff's failure to appeal from the planning commission's approval of the resubdivision had rendered the appeal from the first planning action moot. The plaintiff denied that the present proceedings were moot claiming, inter alia, that the resubdivision approval was conditioned upon the outcome of the present appeal. The defendants, in turn, denied that the approval of their resubdivision was conditioned upon the outcome of this appeal. The trial court examined the transcript and minutes of the planning commission's December 21, 1988 meeting and found that "[t]he motion to give 'final approval' was made, [and] seconded, [that there was] no discussion, and [that the resubdivision was] unanimously approved by the

Commission *without any qualifications* (except waiver of bond)." (Emphasis in original.) The trial court concluded that "the record is clear that there is no longer any practical relief which the court can provide under the appeal of the subdivision." The trial court rendered judgment dismissing the appeal. The plaintiff appealed to the Appellate Court, which affirmed the judgment. We thereafter granted the plaintiff's petition for certification to appeal.[1] *Gagnon* v. *Planning Commission,* 219 Conn. 902, 593 A.2d 132 (1991).

Since mootness implicates the subject matter jurisdiction of this court, we must first consider the defendants' threshold claim that subsequent "events have so overtaken this litigation that the appeal has become moot." *Sadlowski* v. *Manchester,* 206 Conn. 579, 583, 538 A.2d 1052 (1988). "The issue of subject matter jurisdiction can be raised at any time including on appeal. 'Once brought to the attention of the court, regardless of the form of the motion, it must be acted upon.' *Cahill* v. *Board of Education,* 198 Conn. 229, 238, 502 A.2d 410 (1985)." *Concerned Citizens of Sterling* v. *Sterling,* 204 Conn. 551, 556–57, 529 A.2d 666 (1987).

The plaintiff contends that the resubdivision application was so procedurally flawed that the planning commission's action in approving it was an absolute nullity.[2] Since the planning commission's action in grant-

---

[1] The issues certified were: "1. Did the Appellate Court correctly hold that the defendant City Planning Commission had authority to consider and approve a resubdivision application of a parcel of land where the original subdivision application concerning that parcel had not been recorded on the land records and was presently under appeal at the time the resubdivision application was considered?

"2. Did the Appellate Court correctly hold that the approval of a resubdivision application of a parcel of land, which had been previously subdivided and which subdivision was under appeal, render the subdivision appeal moot?"

[2] The plaintiff submits four reasons why the planning commission's approval of the resubdivision was void. First, there is no statutory basis

ing the resubdivision application was allegedly void, the plaintiff argues that the issues raised in the first appeal were unaffected by the planning commission's later action and, therefore, still remain to be resolved.

The defendants, on the other hand, argue that because a resubdivision of the same parcel is now administratively complete, and since the trial court determined that the planning commission's approval of the resubdivision was unconditional and not dependent on the outcome of the present appeal, there is no longer any practical relief that could flow from this appeal.

The Appellate Court concluded that "approval of the resubdivision application controls the applicants' rights to develop the parcel." *Gagnon* v. *Planning Commission,* 24 Conn. App. 413, 417, 588 A.2d 1385 (1991). We agree with this proposition and with the Appellate Court's conclusion that it was not, therefore, required to take up the merits of the plaintiff's claims that the resubdivision was the product of a host of procedural irregularities. Having obtained approval from the planning commission for the resubdivision of the identical property and having thereafter recorded the resubdivision map upon the land records, the defendants waived irrevocably whatever benefit they may have derived from the planning commission's earlier approval of the first subdivision. The defendants having withdrawn their claim to its benefits and having effectively extinguished the original subdivision plan

---

to approve a resubdivision when the initial subdivision was neither finally approved nor recorded. Second, the physical changes that occurred did not constitute a resubdivision within the meaning of General Statutes § 8-18. Third, the planning commission did not obtain the required inland wetlands report prior to rendering its decision. Finally, there was no notice of the public hearing on the application for the resubdivision. See *Gagnon* v. *Planning Commission,* 24 Conn. App. 413, 418–26, 588 A.2d 1385 (1991) (*Lavery, J.,* dissenting).

through recording of the resubdivided version, the subdivision's potential burdens to the plaintiff no longer presented a justiciable issue.[3]

"It is a well-settled general rule that the existence of an actual controversy is an essential requisite to appellate jurisdiction; it is not the province of appellate courts to decide moot questions, disconnected from the granting of actual relief or from the determination of which no practical relief can follow." *Reynolds* v. *Vroom*, 130 Conn. 512, 515, 36 A.2d 22 (1944).

The judgment of the Appellate Court is affirmed.

In this opinion the other justices concurred.

---

[3] While this was not the plaintiff's precise claim, we note because of its tangential involvement that in no event could this appeal have become the surrogate forum for the appeal that could have flowed from the planning commission's subsequent action in approving the resubdivision. See *Carpenter* v. *Planning & Zoning Commission*, 176 Conn. 581, 598, 409 A.2d 1029 (1979).