[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action is a petition requesting habeas corpus relief from allegedly unlawful confinement arising out of a revocation of probation, after an evidentiary hearing, for which violation of probation the petitioner is presently serving six and one-half years imprisonment.
The petitioner claims that his confinement is unlawful because it is the product of the ineffective assistance of his trial counsel and his habeas corpus counsel with respect to a previously filed habeas action. The respondent denies these allegations generally and asserts specially that the petitioner is collaterally estopped from raising these claims in the present habeas petition.
On June 26, 1987, the petitioner was convicted of risk of injury to a minor, in violation of General Statutes § 53-21, for which offense the petitioner received a split sentence of ten years incarceration, execution suspended after three and one-half years, probation for five years. Upon completion of service of the unsuspended portion of his sentence the petitioner began his probationary term. Because of the serious nature of the underlying offense, as well as other factors, the probation department decided to impose several additional special conditions to those special conditions set by the sentencing court. These added conditions brought the petitioner's probation "in line" with those conditions CT Page 6697 generally applicable to persons then being supervised under the "intensive probation" provisions of General Statutes 54-105(b). (Petitioner's Exhibit A, p. 24)
After only seventeen days on probation, the petitioner's probation officer initiated revocation of probation procedures charging the petitioner with having breached several conditions of his probation. On July 12, 1989, after a hearing, the trial court found that the petitioner had violated his probation, vacated the suspended sentence, and ordered the petitioner to serve the remainder of his sentence. At the revocation hearing, the petitioner was represented by a public defender, Attorney Donald Dakers.
Dakers also represented the petitioner on his appeal from the judgment of violation of probation. In this appeal, the petitioner raised the claim that the violation of probation finding was unlawful because the probation department was without authority to place the petitioner on intensive probation because that power, at that time, rested solely with a judge under a former version of § 54-105 (Petitioner's Exhibit C). Despite the failure to raise this issue at the revocation hearing, the Appellate Court permitted the petitioner to raise and argue the issue on appeal. In a one line, per curiam decision, the Appellate Court affirmed the judgment of the trial court, State v. Batts, 21 Conn. App. 804
(1990).
On January 15, 1991, the petitioner filed a habeas corpus petition asserting that his confinement was illegal because the trial court had no jurisdiction to find a violation of probation based on the same claim as raised on appeal, i.e. that the probation department exceeded its authority in imposing special conditions amounting to extensive probation. Initially, a public defender, Attorney Karen Goodrow, was appointed to represent the petition in that habeas action. In this capacity, she sent the petitioner two letters expressing her preliminary opinion about the weakness of this claim (Petitioner's Exhibits D and E). When the possibility of an ineffective assistance claim against fellow public defender Dakers arose, Goodrow successfully moved to have a special public defender, Attorney David Dee, appointed in her stead.
On September 20, 1991, based on the letters he received from Goodrow, the petitioner with drew that habeas action, and the habeas court dismissed the petition with prejudice. CT Page 6698
On April 15, 1993, the petitioner filed a second habeas corpus petition, which action is the case sub judice. In a third, amended petition, the petitioner asserts that Dakers rendered ineffective assistance by failing to challenge the jurisdiction of the trial court at the revocation hearing; that Goodrow rendered ineffective assistance by misinforming the petitioner as to the viability of his habeas claim; and that Dee rendered ineffective assistance by failing fully to advise the petitioner of the consequences of his withdrawal of his previous habeas petition.
Our Supreme Court has adopted the two-pronged Strickland test for evaluating ineffective assistance claims; Ostolaza v. Warden,26 Conn. App. 758, 761 (1992). That test requires that the petitioner demonstrate, by a preponderance of the evidence, both that his counsel's performance was substandard and that there exists a reasonable probability that, but for counsel's deficiencies, the outcome of the proceedings would have been different. Id.
A habeas court need not address the question of counsel's performance if it is easier to dispose of an ineffective assistance claim on the ground of insufficient prejudice, Pelletier v. Warden,32 Conn. App. 38, 46 (1993). Because the court feels that an analysis of the prejudice component of the Strickland standard is dispositive, the court proceeds to that issue directly.
In order to satisfy the prejudice prong of the Strickland
test, the petitioner must prove, by a preponderance of the evidence, that there exists a reasonable probability that, but for counsel's unprofessional errors, the results of the proceedings would have been different, Levine v. Manson, 195 Conn. 636, 640
(1985). Reasonable probability means a probability sufficient to undermine confidence in the verdict, Bunkley v. Commissioner,222 Conn. 444, 454 (1992).
Under the holding of Bunkley v. Commissioner, supra 459, all three claims of ineffective assistance hinge on the probability of success if the jurisdictional issue were raised at the petitioner's revocation of probation proceeding. No expert witness was produced by the petitioner at the habeas hearing to testify about this probability except for Dakers himself. Dakers indicated, at the habeas hearing, that he could not render an opinion supporting the position that the petitioner suffered any prejudice by his failure to move to dismiss the violation of probation allegation at the CT Page 6699 revocation hearing. On the contrary, Dakers opined that, because the Appellate Court considered this issue an appeal and apparently found it to be meritless, a lack of prejudice might be inferred. The court agrees with this conclusion.
Although the per curiam opinion is terse, it does indicate that the Appellate Court examined the petitioner's claim and found "no error," State v. Batts, supra. A possible absence of subject matter jurisdiction must be addressed and decided whenever the issue is raised, Sadloski v. Manchester, 228 Conn. 79, 84 (1993); even on appeal, Gagnon v. Planning Commission, 222 Conn. 294, 297
(1992). With this unfavorable decision on direct appeal, it appears highly unlikely, even if Dakers had raised the issue earlier in the proceedings, that the outcome of the revocation hearing would have been different.
The absence of expert testimony supporting his claim of prejudice, coupled with the adverse decision of the Appellate Court, causes the court to find that the petitioner has failed to meet his burden of proving, by a fair preponderance of the evidence, that there exists a reasonable probability that, but for the alleged, unprofessional conduct of the three attorneys under scrutiny, the outcome of the revocation proceeding would have been different.
For these reasons, the petition is dismissed.
Sferrazza, J.