[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Bradley S. Jacobs, appeals a decision of the CT Page 1374-I defendant, Planning and Zoning Board of Appeals of the Town of Greenwich (ZBA), dismissing for lack of jurisdiction an application by the plaintiff (7872) to revoke a special exception/use variance (Appeal 7868) filed by and granted in 1992 to Nancy M. Colson, predecessor-in-title to the name defendants Marc P. and Debra A. Shore. The decision of the ZBA followed a public hearing held on March 15, 1995. The plaintiffs commenced the appeal pursuant to General Statutes § 8-8.
On December 14, 1994, Jacobs filed an application with the ZBA requesting that the board revoke a special exception/use variance based upon "(1) fraud, misrepresentation and other culpable conduct on the prior appeals, (2) legal errors in the grant of those appeals, (3) sale of the affected premises and non-transferability of the rights granted to new owners, and (4) new conditions, including but not limited to (a) an illegal addition to the affected premises and (b) the sale and new development plans substantially different from those upon which relief was originally granted, and which have now mysteriously disappeared from the file." (Return of Record, [ROR], Item 1: Application, Appeal #7872.) On March 15, 1995, the ZBA held a public hearing to consider the application. (ROR, Item 12: Transcript of Public Hearing.) On March 27, 1995, the ZBA dismissed the application on the grounds that "the application does not seek to have the Board exercise any of the powers granted to it under Section 6-19 of the Greenwich Municipal Code." (ROR, Item 13: Letter of Decision from Edward A. Manuel, Secretary, Planning and Zoning Board of Appeals.) On March 27, 1995, the dismissal was published in the GreenwichTimes. (ROR, Item 14: Legal Notice.) The defendants ZBA and the Shores were served by the deputy sheriff of Fairfield County on April 7, 1995. The plaintiffs filed an appeal of this decision on April 27, 1995. The Commission filed the return of record on June 27, 1995. On August 18, 1995, the plaintiffs filed their brief, the ZBA filed its brief in reply on September 28, 1995, adopting the brief of the Shores, which was also filed on September 28, 1995. A hearing was held on November 28, 1995, before the court.
In 1989, Nancy M. Colson, predecessor-in-title to the Shores, applied to the ZBA for and was granted a special exception/use variance to permit the primary dwelling on the property, a gatehouse, to be converted to an oversize accessory building and to be used as a guesthouse secondary to a proposed new primary dwelling. (ROR, Item 1). In 1992, the special exception/use variance expired without conversion of the gatehouse and without construction of the new dwelling. (ROR, Item 1.) In 1992, Colson CT Page 1374-J applied to the board for reactivation of the special exception and use variance, which was granted in 1992. (ROR, Item 1). At some point before May 9, 1994, an addition was built on the gatehouse, although no plans were filed and no building permit was issued. (ROR, Item 1). In July 1994, the Shores purchased the property from Colson. The plaintiff alleges that the 1989 and 1992 special exception/use variances were procured by a fraud perpetrated on the ZBA, changed circumstances and lack of intervening vested rights, and applied to the ZBA to revoke the special use exception.
The appeal was dismissed because "the Board finds that it does not have the power to determine this appeal." (ROR, Item 15: Minutes of the hearing, March 15, 1995.) The plaintiff appeals on the grounds that the ZBA acted illegally, arbitrarily, and/or in abuse of the discretion vested in it, when it dismissed plaintiff's application for lack of jurisdiction.
On March 27, 1995, the ZBA granted an application (Application #7883) for a special exception/use variance to the Shores for the same property. (ROR, Item 15.) The Shores sent a letter to the Zoning Enforcement Officer representing that they were "abandoning any claims under the old special exception and considering it moot by reason of the new application." (ROR, Item 11: Transcript of Hearing, March 15, 1995, p. 11.) The decision was upheld on appeal by this court.
General Statutes § 8-8 governs appeals taken from the decisions of a zoning board of appeals to the superior court. In order to take advantage of a statutory right of appeal, parties must comply strictly with the statutory provisions that create such a right.Simko v. Zoning Board of Appeals, 206 Conn. 374, 377, 538 A.2d 202
(1988). The statutory provisions are mandatory and jurisdictional in nature and failure to comply will result in dismissal of an appeal. Id., 377.
I. Aggrievement
Aggrievement must be proven in order to establish the court's jurisdiction over a zoning appeal. Connecticut Resources RecoveryAuthority v. Planning Zoning Commission, 225 Conn. 731, 739 n. 12,626 A.2d 705 (1993). An aggrieved person is a "person aggrieved by a decision of a board . . . ." General Statutes § 8-8(a)(1). This section defines "aggrieved person" to include "any person owning land that abuts or is within a radius of one hundred feet of any portion of the land involved in the decision of the board." General CT Page 1374-K Statutes § 8-8(a)(1); McNally v. Zoning Commission, 225 Conn. 1, 6,621 A.2d 279 (1993).
At a hearing held before the court November 28, 1995, the plaintiffs provided evidence that their property is within 100 feet of the Shores' property. Therefore, the court found aggrievement pursuant to General Statutes § 8-8(a)(1).
II. Timeliness
Under General Statutes § 8-8(b) an appeal must be commenced within "fifteen days from the date that notice of the decision was published." On March 27, 1995, the approval was published in theGreenwich Times. (ROR, Item 16.) Pursuant to General Statutes §8-8(e), service was made on Carmella Budkins, Town Clerk of Greenwich, and on Barbara Hopkins, Chairman of the ZBA on April 7, 1995. Therefore, the plaintiff's appeal was timely.
"Conclusions reached by the commission must be upheld by the trial court if they are reasonably supported by the record. . . . The question is not whether the trial court would have reached the same conclusion, but whether the record before the agency supports the decision reached." (Citations omitted; internal quotation marks omitted.) DeBeradinis v. Zoning Commission, 228 Conn. 187,198, 635 A.2d 1220 (1994). "In applying the law to the facts of a particular case, the board is endowed with a liberal discretion, and its action is subject to review by the courts only to determine whether it was unreasonable, arbitrary or illegal." Double ILimited Partnership v. Planning Zoning Commission, 218 Conn. 65,72, 588 A.2d 624 (1991). "The burden of proof to demonstrate that the board acted improperly is on the plaintiffs." (Internal quotation marks omitted.) Adolphson v. Zoning Board of Appeals,205 Conn. 703, 707, 535 A.2d 799 (1988). "It is well settled that a court, in reviewing the actions of an administrative agency, is not permitted to substitute its judgment for that of the agency or to make factual determinations on its own." (Internal quotation marks omitted.) Connecticut Resources Recovery Authority v.Planning Zoning Commission, 225 Conn. 731, 744, 626 A.2d 705
(1993).
The plaintiff appeals the decision of the ZBA on the grounds that the ZBA acted illegally, arbitrarily, and in abuse of its discretion in dismissing the application because it erred as a matter of law in holding that it lacked subject matter jurisdiction to entertain plaintiff's application, and the ZBA denied plaintiff CT Page 1374-L due process of law.
The defendants argue that the appeal is moot because the Shores have applied for and have been granted a special exception/use variance that did not rely on the Colson applications, and because there is no authority for the ZBA to set aside its determination when a fraud has been perpetrated on it.
"The issue of subject matter jurisdiction can be raised at any time including on appeal. Once brought to the attention of the court, regardless of the form of the motion, it must be acted upon." (Internal quotations omitted.) Cahill v. Board ofEducation, 198 Conn. 229, 238, 502 A.2d 410 (1985). Mootness implicates subject matter jurisdiction. Gagnon v. PlanningCommission, 222 Conn. 294, 297, 608 A.2d 1181 (1982).
"It is a well-settled general rule that the existence of an actual controversy is an essential requisite to appellate jurisdiction; it is not the province of appellate courts to decide moot questions, disconnected from the granting of actual relief or from the determination of which no practical relief can follow." Id., 299. In Gagnon, the defendants filed an application for a subdivision by the planning commission which was appealed by the plaintiffs. During the pendency of the appeal, the planning commission granted the applicant's request for a resubdivision of the same parcel. The court held that the "unchallenged, subsequent approval of the resubdivision of the same parcel renders the issues in the present action moot." Id., 295.
As in Gagnon, the award of the special exception/use variance to the Shores (Application #7883) based on drawings submitted for that application renders any dispute as to the 1992 application moot. There is no practical relief that the court can award. Whether or not the 1992 application is revoked has no bearing on anything at the present time. The plaintiff argues that the Shores could revive that special exception/use variance. However, like the 1989 use variance, "[a]ny variance or special exception granted by the Board of Appeals not exercised within a period of three (3) years from date of decision shall become null and void." Building Zone Regulations of the Town of Greenwich, § 6-21. The 1992 special use variance is now null and void, and if the Shores wish to rely on the 1992 application, they must apply to reactivate it.
The appeal is moot as no case or controversy exists. Therefore, this court does not have subject matter jurisdiction CT Page 1374-M
For all the foregoing reasons the plaintiff's appeal is dismissed.
KARAZIN. J.