## CONNECTICUT NATURAL GAS CORPORATION ET AL. *v.* DEPARTMENT OF CONSUMER PROTECTION ET AL.
### (15017)

Dupont, C. J., and Lavery and Hennessy, Js.

Argued May 29—officially released September 17, 1996

*John C. Yavis, Jr.*, with whom were *Everett E. Newton* and, on the brief, *Gale K. Busemeyer*, for the appellants (plaintiffs).

*William M. Rubenstein*, assistant attorney general, with whom, on the brief, was *Richard Blumenthal*, attorney general, for the appellee (named defendant).

*Peter G. Boucher*, for the appellees (defendant Connecticut Heating and Cooling Contractors Association, Inc., et al.).

HENNESSY, J. The plaintiffs, Connecticut Natural Gas Corporation and Yankee Gas Services Company (gas companies),[1] appeal from the judgment of the trial court in favor of the defendant department of consumer protection[2] dismissing the plaintiffs' appeal from the declaratory ruling of the department's examining boards. The gas companies appealed to the trial court seeking an order overruling the declaratory ruling by the state heating, piping and cooling work examining board and the state plumbing and piping work examining board (boards).[3] The boards (1) ruled that employ-

---

[1] The Southern Connecticut Gas Company was a party to the administrative proceedings and the appeal to Superior Court. It is not participating in this appeal.

[2] In addition to the department of consumer protection, the other defendants are the state heating, piping and cooling work examining board, the state plumbing and piping examining board, the Connecticut Heating and Cooling Contractors Association, Inc., and the Connecticut Association of Plumbing, Heating and Cooling Contractors, Inc.

[3] Both boards are agencies of the department of consumer protection.

ees of the gas companies who do repair and maintenance work on the consumer side of the gas meter require a license because the work is not a public utility service and because that work is not regulated by the department of public utilities control (DPUC), and (2) found that, pursuant to General Statutes § 20-340 (2), the gas companies' service employees are not exempt from the licensing requirements of chapter 393 of the General Statutes. The trial court dismissed the gas companies' appeal and rendered judgment for the defendants. The gas companies appeal from that judgment.

The gas companies set forth two issues on appeal. First, whether, in construing § 20-340 (2) and upholding the declaratory ruling of the administrative boards, the trial court improperly held that repair and maintenance service performed by gas company service employees is not performed "in connection with the rendition of public utility service." Second, whether the trial court improperly denied the gas companies' motion to reconsider and to withdraw its decision, which asserted that the administrative agencies' declaratory ruling operates prospectively only and was mooted by subsequent legislation.

This controversy arose when the Connecticut Heating and Cooling Contractor's Association, Inc. (association), filed a petition for declaratory ruling with the department of consumer protection claiming that the gas companies compete unfairly against licensed plumbing and heating contractors. The association requested a ruling that the gas companies and their service employees are subject to the requirements of chapter 393 of the General Statutes, that the employees must possess occupational licenses to conduct service and repair activities on the customer's side of the gas meter and that the employees do not fall within the exceptions to the licensing requirements set forth in

§ 20-340 (2). The department referred the petition to the boards. After conducting a joint hearing, the boards held for the association. The gas companies appealed to the Superior Court, which upheld the boards' ruling, and this appeal followed.

I

The gas companies claim that in construing General Statutes § 20-340 (2)[4] the trial court improperly held that repair and maintenance service of gas appliances performed by gas company service employees is not performed "in connection with the rendition of public utility service." In 1965, the General Assembly enacted statewide occupational licensing requirements for persons in a number of trades including those performing service work on gas fired equipment and appliances. The legislation provided the following: "The provisions of this chapter shall not apply to . . . employees of any public service company regulated by the state department of public utility control." General Statutes (Cum. Sup. 1965) § 20-340, as amended by Public Acts, Spec. Sess., February, 1965, No. 493, § 9. All parties to this action agree, and the trial court concluded, that under that legislation, gas company employees were exempted from the licensing requirements. In 1967, the General Assembly enacted further legislation amending the 1965 statute to limit the exemption to employees of regulated utilities "only if the work performed is in connection with the rendition of public utility service . . . ." Public Acts 1967, No. 789, § 12 (now General Statutes § 20-340). The subject of disagreement among the parties is the interpretation of the wording added to § 20-340 (2) in 1967. The gas companies argue that

---

[4] General Statutes § 20-340, entitled "Exemptions from licensing requirements," provides in relevant part: "The provisions of this chapter shall not apply to . . . (2) employees of any public service company regulated by the state department of public utility control . . . if the work performed is in connection with the rendition of public utility service . . . ."

the legislature added this language to ensure that gas company technicians could not perform maintenance and repair service to gas appliances outside the gas companies' employment without licensing. They further argue that the 1967 amendment was technical and clarifying and did not introduce a substantive change in the law. The plain meaning of the words, coupled with a reading of the legislative history, they claim, supports the conclusion that the words "in connection with" links gas service work with public utility service, thereby exempting gas service workers from the need to be licensed in accordance with the statute. In addition, the gas companies argue that because they are regulated by the DPUC they are not subject to oversight by the licensing boards of the department of consumer protection. The defendants argue that the maintenance and repair of gas appliances are services not regulated by the DPUC and, therefore, are not "utility services" within the scope of the § 20-340 (2) exemption.

We are not persuaded by the gas companies' argument that, because the dictionary definition of the words "in connection with" means "touching on," the repair and maintenance of devices that use gas are exempted because it "touches on" the provision of gas to the customer. The exemption does not apply to all those who serve gas company customers in any manner, but only to those who render public utility service to customers. Our statutes do not define the term "public utility service." When the legislature has not defined a term, "it is appropriate to look to the common understanding expressed in the law and in dictionaries." *Doe v. Manson*, 183 Conn. 183, 186, 438 A.2d 859 (1981). Pursuant to General Statutes § 16-1 (a) (4), a public service company includes gas companies. Subdivision (9) of General Statutes § 16-1 (a) provides that a gas company includes "every corporation . . . maintaining, operating, managing or controlling mains, pipes

or other fixtures, in public highways or streets, for the transmission or distribution of gas for sale for heat or power within this state . . . ." It is clear from the definition of a gas company that its function is to transmit and distribute gas. The legislature did not define a gas company as an entity assigned the function of maintaining or repairing gas appliances used by its customers. It is reasonable, therefore, to conclude that the term "public utility service" as used in its statutory sense does not include the repair and maintenance of gas appliances.

We find further support for this conclusion in the wording of § 20-340 (2). In addition to granting an exemption from licensing requirements "if the work performed is in connection with the rendition of public utility service," § 20-340 (2) also grants an exemption for work performed "in connection with the installation or maintenance of wire or telephone sets for single-line telephone service located inside the premises of a consumer . . . ." It is apparent that the legislature distinguished between the public utility function of telephone companies outside the consumer premises and work performed within the premises. Such an exemption from licensing requirements for telephone company employees was specifically stated in § 20-340 (2). Had the legislature wanted to exempt gas companies, it could have included a similar exemption. See *Gay & Lesbian Law Student Assn.* v. *Board of Trustees*, 236 Conn. 453, 476, 673 A.2d 484 (1996). The legislature, however, did not similarly state an exemption for gas company employees for the repair and maintenance of gas appliances.

While it is true that gas companies are regulated by the DPUC, the gas companies' argument that this regulation places them outside the jurisdiction of the licensing boards of the department of consumer protection does not persuade us. The statutory scheme of § 16-1 (a) (9),

which sets forth the functions of a gas company, read together with General Statutes § 16-11, which limits the regulatory authority that the DPUC exercises over utilities to the duties set forth in § 16-1 (a) (9), does not place the repair and maintenance of gas appliances within that which is termed "public utility service." It is our conclusion that the trial court was correct in its interpretation of General Statutes § 20-340 (2).

We conclude that the statute does not exempt gas company employees from its licensing requirements when they function as repairers and maintainers of gas appliances on the premises of consumers.

## II

The gas companies next claim that the trial court improperly denied their motion to reconsider and to withdraw its decision. The motion requested the trial court to withdraw its judgment dismissing the gas companies' appeal of the ruling that gas company employees who repair and maintain gas appliances are not exempt under § 20-340 (2) from the licensing requirements of chapter 393 of the General Statutes. The gas companies contend that the passage of Public Acts 1995, No. 95-295 (P.A. 95-295), which provides a certification procedure for gas company employees who repair and maintain gas appliances, renders the declaratory ruling and the trial court's judgment moot.

Public Act 95-295, § 1, became law subsequent to the trial court's denial of the motion to reconsider and to withdraw its decision[5] and provides in relevant part: "(b) Notwithstanding any provisions of chapter 393 of the general statutes to the contrary, a public service gas

---

[5] The trial court considered the argument of the gas companies that the imminent passage of P.A. 95-295 would render the trial court's judgment moot. The trial court correctly noted that "[t]he prediction of mootness because of hoped for legislative action is not a reason for withdrawing a ruling entered on the current state of the law."

technician shall be issued a certificate of registration by the department of consumer protection in lieu of any license which otherwise might be required under said chapter, which shall entitle the holder thereof to perform gas service work only as provided in this section, provided the public service company which employs said public service gas technician certifies to the department of consumer protection that the individual has obtained such training and experience deemed necessary by said public service company to perform gas service work included in such employee's job functions. . . ."

Mootness presents a circumstance wherein the issue before the court has been resolved or has lost its significance because of a change in the condition of affairs between the parties. See 5 Am. Jur. 2d, Appellate Review § 642 (1995). "It is a well-settled general rule that the existence of an actual controversy is an essential requisite to appellate jurisdiction; it is not the province of appellate courts to decide moot questions, disconnected from the granting of actual relief or from the determination of which no practical relief can follow." (Internal quotation marks omitted.) *Waterbury Hospital* v. *Connecticut Health Care Associates*, 186 Conn. 247, 249, 440 A.2d 310 (1982).

In this case, the issue is whether the passage of P.A. 95-295 resulted in the resolution of the issues such that this court cannot grant any practical relief. The public act does not repeal § 20-340. Those who are not exempt from the licensing provisions under § 20-340 (2) continue to need a license, including those who repair and maintain gas appliances. Public Act 95-295 orders the department of consumer protection to issue a certificate of registration only to those employees of the gas companies who repair and maintain appliances and have been trained and certified by the gas companies to perform such work. The certificate of registration is

in lieu of the license required by § 20-340. The statute and the public act exist side by side. The passage of P.A. 95-295 does not, therefore, resolve the differences among the parties. Unlicensed gas company employees who performed repair and maintenance work on gas appliances prior to the passage of P.A. 95-295 were not exempt from the licensing requirements of chapter 393.

The association, which initiated the request for the declaratory ruling, has argued that the gas companies competed unfairly against licensed plumbing and heating contractors and that the decision of this court could have a significant bearing on the outcome of future litigation. The gas companies admitted this possibility in their motion to reconsider and to withdraw the decision. Section 20-340 (2) requires that gas company employees not classified as public service gas technicians and not trained and certified in accordance with P.A. 95-295 must be licensed in accordance with chapter 393 if they are to perform repair or maintenance work on gas appliances. To dismiss as moot the trial court's ruling interpreting § 20-340 (2) could result in arguments again being made that public utility employees are exempt from the licensing requirements of chapter 393. Allowing the trial court's interpretation to stand clarifies the meaning of § 20-340 (2). We conclude that the passage of P.A. 95-295 did not result in the trial court's rulings being rendered moot.

The judgment is affirmed.

In this opinion the other judges concurred.