[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The above-captioned appeals (Docket Number CV97-0074373 and CV97-0074374) are the result of the denial by the New Hartford Planning 
Zoning Commission of (1) an application for approval of a development plan and (2) an application for a special exception submitted to the commission by F B New Hartford LLC on March 31, 1997 to construct an approximately CT Page 1572 132,000 square foot building, an on-site septic system and accessory parking for use as a retail establishment on a parcel of land located at the northeasterly corner of the intersection of Route 202 and Harrison Road in a Planned Business Zone and in a Public Water Supply Watershed Zone, an Overlay Zone, all as more fully shown on the development plan submitted with each application.
All uses of land permitted in the Planned Business Zone require approval of a development plan pursuant to the provisions of Article V, Section 12, pages 18-20 of the zoning regulations (Record #67). All uses of land permitted in the Watershed Zone require approval of a special exception and a site plan pursuant to the provisions of Article VI, Section 18, pages 55-57 of the zoning regulations (Record #67).
Each of the applications submitted to the commission were considered by the commission at the same time. However, the commission, pursuant to the provisions of § 8-3c of the General Statutes, held a public hearing on the requested special exception on May 14, 1997 (Record #62).
Notice of the public hearing was published in The Hartford Courant on May 2, 1997 (Record #70) and May 9, 1997 (Record #71). The hearing of May 14, 1997 was continued to May 28, 1997 (Record #63) and was further continued to and closed on June 11, 1997 (Record #64). An extension of time to July 16, 1997 to decide each of the above applications was granted by the applicant to the commission on May 29, 1997 (Record #73).
At its meeting of July 16, 1997 the commission denied each of the above applications and stated the reasons for its decision on each application (Record #66). Notice of the decision of the commission was published in The Hartford Courant on July 23, 1997 (Record #59). F B New New Hartford LLC appealed each decision of the commission to this court on July 22, 1997.
On or about August 18, 1997, F B New Hartford LLC submitted (1) an application for approval of a development plan and (2) and application for a special exception to the commission seeking to construct an approximately 116,000 square foot building, an on-site septic system and accessory parking for use as a retail establishment on the same parcel of land located at the northeasterly corner at the intersection of Route 202 and Harrison Road in the Planned Business Zone and in the Watershed Zone.
The applications submitted to the commission were considered by it at the same time. However, the commission, pursuant to the provisions of § 8-3c of the General Statutes, held and closed a public hearing on the requested special exception on October 29, 1997. CT Page 1573
At its meeting of November 17, 1997 the commission granted each of the above applications subject to conditions as set forth in the commission's notice of approval dated November 19, 1997. Notice of the decision of the commission was published in The Hartford Courant on November 24, 1997.
On December 8, 1997 Daniel Thibault and Mary Thibault appealed the decision of the commission to this court granting the application of F B New Hartford for site plan approval. No appeal was taken from the decision of the commission granting the application of F B New Hartford LLC for a special exception. F B New Hartford LLC did not appeal either decision of the commission. The sole issue to which these motions are directed is whether the issues raised in these cases have become moot. The general rule governing questions of mootness is set forth in Reynolds v.Vroom, 130 Conn. 512, 515, wherein the Supreme Court stated, that: "It is a well-settled general rule that the existence of an actual controversy is an essential requisite to appellate jurisdiction; it is not the province of appellate courts to decide moot questions, disconnected from the granting of actual relief or from the determination of which no practical relief can follow." The Reynolds case was followed in Waterbury Hospital v.Connecticut Health Care Associates, 186 Conn. 247, where at page 250, the Supreme Court stated, in the absence of an actual and existing controversy for us to adjudicate in any sense of the term, the courts of this state may not be used as a vehicle to obtain judicial opinions upon points of law; reply of Judges 33 Conn. 586 (1867); and where the question presented is purely academic, we must refuse to entertain the appeal."
The holding in Reynolds v. Vroom was followed by the Supreme Court inButsgy v. Glastonbury, 203 Conn. 109, 114-15 (1987). "The term `mootness'. . . typically applies to a situation where, during the pendency of an appeal, events have occurred that make an appeals court incapable of granting practical relief through a disposition of the merits. Mootness deprives the court of subject matter jurisdiction. Id.
In McCallum v. Inland Wetlands Commission, 196 Conn. 218, the court stated the following at page 225 of its decision:
"It is a well-settled general rule that the existence of an actual controversy is an essential requisite to appellate jurisdiction; it is not the province of appellate courts to decide moot questions, disconnected from the granting of actual relief or from the determination of which no practical relief can follow (citations omitted)."
The above-captioned appeal is moot because the commission, subsequent to the institution of the above appeal, approved the applications submitted to it by F B New Hartford LLC for site plan approval and a special exception to CT Page 1574 construct an approximately 116,000 square foot building, an on-site septic system and accessory parking for use as a retail establishment on a parcel of land located at the northeasterly corner of the intersections of Route 202 and Harrison Road in the Planned Business Zone and in the Public Watershed Zone, an Overlay Zone, all as more fully shown on the development plan submitted with each application.F B New Hartford has gotten approvalof what it requested from the planning and zoning commission. There is nocontroversy at the present time between F B New Hartford LLC and theplanning and zoning commission. F B New Hartford LLC is apparentlysatisfied with the approvals which it received from the commission onNovember 17, 1997 since it took no appeal from its action.
The Commission has filed a Motion to Dismiss in each case on the grounds of mootness. Since the filing of this appeal, the plaintiff has received approval from the defendant for a smaller project with less wetlands impact. This is the feasible and prudent alternative which was always available to the plaintiff.
The plaintiff has a permit to proceed with its project. The defendant claims that this appeal is moot. Mootness presents a circumstances wherein the issues before the court has been resolved or has lost its significance because of a change in the condition of affairs between the parties.Connecticut Natural Gas Corp. v. Dept. Consumer Protection,43 Conn. App. 196, 203 (1996). A case becomes moot when due to intervening circumstances, a controversy between the parties no longer exists.DomesticViolence Ser. of Greater New Haven v. FOIC, 240 Conn. 1, 6
(1997). The defendant claims there is no longer a controversy since the pending appeal is moot and it should be dismissed.
Once an issue of subject matter jurisdiction is raised, the court must dispose of this legal question as a threshold matter.Concerned Citizens ofSterling v. Sterling, 204 Conn. 551, 556-57; 529 A.2d 666 (1987). Whenever a court discovers that it has no jurisdiction, it is bound to dismiss the case, without regard to previous rulings. Chzrislonk v. New York. N.H. H.R. Co, 101 Conn. 356, 358, 125 A. 874 (1924).
The issue of mootness is governed by the case of Gagnon v. PlanningCommission, 222 Conn. 294, 608 A.2d 1181 (1992), when the Supreme Court affirmed a dismissal of an appeal in a case of identical facts. The court stated:
 This is an appeal from the approval of an application for a subdivision by the named defendant, upon the outcome of this appeal. The trial court examined the transcript and minutes of the planning commission's December 21, 1988 CT Page 1575 meeting and found that "[t]he motion to give `final approval' was made, [and] seconded, [that there was] no discussion, and [that the resubdivision was] unanimously approved by the Commission without any qualifications (except waiver of bond)." (Emphasis in original.) The trial court concluded that "the record is clear that there is no longer any practical relief which the court can provide under the appeal of the subdivision." The trial court rendered judgment dismissing the appeal. The plaintiff appealed to the Appellate Court, which affirmed the judgment. We thereafter granted the plaintiff's petition for certification to appeal. [Footnote omitted.]Gagnon v. Planning Commission, 219 Conn. 902, 593 A.2d 132 (1991). . . .
 The Appellate Court concluded that "approval of the resubdivision application controls the applicants' rights to develop the parcel." Gagnon v. Planning Commission, 24 Conn. App. 413, 417, 588 A.2d 1385 (1991). We agree with this proposition and with the Appellate Court's conclusion that it is not, therefore, required to take up the merits of the plaintiff's claims that the resubdivision was the product of a host of procedural irregularities. Having obtained approval from the planning commission for the resubdivision map upon the land records, the defendants waived irrevocably whatever benefit they may have derived from the planning commission's earlier approval of the first subdivision. The defendants having withdrawn their claim to its benefits and having effectively extinguished the original subdivision plan through recording of the resubdivided version, the subdivision's presented a justiciable issue. [Footnote omitted.] Gagnon v. Planning Commission, 222 Conn. 294, 295-299, 608 A.2d 1181 (1992).
For the reason stated, the motions to dismiss are granted.
Hon. Walter M. Pickett, Jr.State Judge Referee