[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, F B New Hartford LLC has appealed the denial by the defendant, New Hartford Inland Wetlands Watercourses Commission of an application for approval to construct a commercial building.
This appeal involves an application to construct a Home Depot retail store and garden center on a 21.48 acre parcel at the corner of Harrison Road and Route 202 in New Hartford. (R. 12, p. 3) The plans call for a 115,762 square foot building and a 16,396 square foot garden center adjacent to the building. (R-3). There will be a paved parking area for 727 cars (R-3). 12.88 acres of the site will become impervious surfaces. (R-7). of the remaining 8.48 acres, virtually all of this is wetlands. (R-12, p. 3).
The application seeks permission to conduct regulated activities in the 50-foot buffer area surrounding the wetlands. These activities include the construction of a water quality detention basin, the construction of a portion of the parking lot CT Page 1582 and the construction of steep retaining walls.
The plaintiff's application was denied on the ground that the proposed activities would have a significant adverse impact on the wetlands and that the plaintiff had not demonstrated that there were no feasible and prudent alternatives to the proposal. (R-13) The defendant Commission suggested a smaller building with less parking. (R-13).
After the filing of this appeal the plaintiff submitted a new application to the defendant providing for a smaller building and parking area. That application was approved by the defendant on November 3, 1997.
The Commission has filed a Motion to Dismiss on the grounds of mootness. Since the filing of this appeal, the plaintiff has received approval from the defendant for a smaller project with less wetlands impact. This is the feasible and prudent alternative which was always available to the plaintiff.
The plaintiff has a permit to proceed with its project. The defendant claims that this appeal is moot. Mootness presents a circumstance wherein the issue before the court has been resolved or has lost its significance because of a change in the condition of affairs between the parties. Connecticut Natural Gas Corp. v.Dept. Consumer Protection, 43 Conn. App. 196, 203 (1996). A case becomes moot when due to intervening circumstances, a controversy between the parties no longer exists. Domestic Violence Ser. ofGreater New Haven v. FOIC, 240 Conn. 1, 6 (1997). The defendant claims there is no longer a controversy since the pending appeal is moot and it should be dismissed.
Once an issue of subject matter jurisdiction is raised, the court must dispose of this legal question as a threshold matter.Concerned Citizens of Sterling v. Sterling, 204 Conn. 551, 556-57;529 A.2d 666 (1987). Whenever a court discovers that it has no jurisdiction, it is bound to dismiss the case, without regard to previous rulings. Chzrislonk v. New York, N.H. H.R. Co,101 Conn. 356, 358, 125 A. 874 (1924).
The issue of mootness is governed by the case of Gagnon v.Planning Commission, 222 Conn. 294, 608 A.2d 1181 (1992), when the Supreme Court affirmed a dismissal of an appeal in a case of identical facts. The court stated: CT Page 1583
 This is an appeal from the approval of an application for a subdivision by the named defendant, upon the outcome of this appeal. The trial court examined the transcript and minutes of the planning commission's December 21, 1988 meeting and found that "[t]he motion to give `final approval' was made, [and] seconded, [that there was] no discussion, and [that the resubdivision was] unanimously approved by the Commission without any qualifications (except waiver of bond)." (Emphasis in original.) The trial court concluded that "the record is clear that there is no longer any practical relief which the court can provide under the appeal of the subdivision." The trial court rendered judgment dismissing the appeal. The plaintiff appealed to the Appellate Court, which affirmed the judgment. We thereafter granted the plaintiff's petition for certification to appeal. [Footnote omitted.] Gagnon v. Planning Commission, 219 Conn. 902, 593 A.2d 132 (1991) . . . .
 The Appellate Court concluded that "approval of the resubdivision application controls the applicants' rights to develop the parcel." Gagnon v. Planning Commission, 24 Conn. App. 413, 417, 588 A.2d 1385 (1991). We agree with this proposition and with the Appellate Court's conclusion that it is not, therefore, required to take up the merits of the plaintiff's claims that the resubdivision was the product of a host of procedural irregularities. Having obtained approval from the planning commission for the resubdivision map upon the land records, the defendants waived irrevocably whatever benefit they may have derived from the planning commissions earlier approval of the first subdivision. The defendants having withdrawn their claim to its benefits and having effectively extinguished the original subdivision plan through recording of the resubdivided version, the subdivision's presented a justiciable CT Page 1584 issue. (Footnote omitted.)
Gagnon v. Planning Commission, 222 Conn. 294, 295-299,608 A.2d 1181 (1992).
For the reason stated, the motion to dismiss is granted.
Hon. Walter M. Pickett, Jr.Judge Trial Referee