[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS:(#109)
The plaintiffs, Andrew P. Houlahan and Kenneth A. Anderson, trustees, ("plaintiff"), brought this zoning board appeal against the defendant, Planning and Zoning Commission of the Town of Greenwich, ("defendant"), by complaint filed April 30, 1998. The complaint alleges inter alia that the defendant improperly excluded one of eight parcels, specifically "parcel 8," from a change of zone from RA-4 to RA-C4. Complaint, ¶ 5. By way of background, RA-4 is a residential zone, while RA-C4 is a conservation zone. Despite the defendant's decision not to include "parcel 8" as part of the RA-C4 zone, the plaintiff filed for final subdivision approval on October 16, 1998. Defendant's Motion to Dismiss, Exhibit A. The application for final subdivision approval did not include any mention of "parcel 8." Thereafter, by letter dated January 19, 1999 the defendant CT Page 6668 approved the final subdivision application. Defendant's Motion to Dismiss, Exhibit B. At issue is the defendant's motion to dismiss #109 for lack of subject matter jurisdiction.
Briefly stated, the defendant argues that the instant appeal should be dismissed because the final subdivision approval renders the appeal as to "parcel 8" moot. The defendant further argues that if the plaintiff had wanted to challenge the exclusion of "parcel 8" from the RA-C4 zone it should not have sought final subdivision approval. In essence, the defendant's argument is that by seeking final subdivision approval and by having that approval granted, the plaintiff has waived its right to appeal by reason of there being no justiciable cause of action. In its objection the plaintiff counters the defendant's arguments by distinguishing the cases cited by the defendant and by arguing that there is still a justiciable controversy with regard to "parcel 8."
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurliacci v. Mayer, 218 Conn. 531, 544,590 A.2d 914 (1991). Mootness implicates a court's subject matter jurisdiction and may be raised at any point in the judicial proceedings. Stamford Hospital v. Vega, 236 Conn. 646, 656,674 A.2d 821 (1996). "[C]ases that have become moot are ordinarily nonjusticiable, such cases may nonetheless warrant judicial resolution if, by the nature of their factual underpinnings, they are capable of repetition yet evade review." Dawson v. Farr,227 Conn. 780, 782, 632 A.2d 41 (1993).
"Mootness presents a circumstance wherein the issue before the court has been resolved or has lost its significance because of a change in the condition of affairs between the parties. See 5 Am.Jur.2d, Appellate Review 642 (1995)." Connecticut NaturalGas Corp. v. Dept. of Consumer Protection, 43 Conn. App. 196,203, 682 A.2d 547, cert. denied, 239 Conn. 938, 684 A.2d 707
(1996). In a case similar to this one, the Superior Court dismissed a zoning board appeal where "the plaintiff submitted a new application to the defendant providing for a smaller building and parking area. That [subsequent] application was approved by the defendant [commission]. . . ." F B New Hartford LLC v. NewHartford Inland Wetlands Watercourses Commission, Superior Court, judicial district of Litchfield at Litchfield, Docket No. CT Page 6669 074258 (February 23, 1998, Pickett, J.T.R.). In dismissing the appeal in F B New Hartford LLC v. New Hartford Inland Wetlands Watercourses Commission the Superior Court applied the reasoning of the Supreme Court in Gagnon v. Planning Commission,222 Conn. 294, 608 A.2d 1181 (1992).
In Gagnon v. Planning Commission, supra, 222 Conn. 296-97, the Supreme Court affirmed the dismissal of a zoning board appeal and applied the reasoning of the trial court on similar facts. "The trial court examined the transcript and minutes of the planning commission's December 21, 1998 meeting and found that the motion to give final approval was made, and seconded, that there was no discussion, and that the resubdivision was unanimously approved by the commission without any qualifications except waiver of bond. The trial court concluded that the record is clear that there is no longer any practical relief which the court can provide under the appeal of the subdivision." (Brackets omitted; internal quotation marks omitted.) Id.
Here, the court is similarly unable to provide any relief to the plaintiff. The plaintiff has made an application for final subdivision approval which has been accepted. As such, the plaintiff has waived any objection it has to the exclusion of "parcel 8" from the RA-C4 conservation zone. Moreover, if the plaintiff had wanted to preserve its right to appeal it should not have applied for final approval. Accordingly, the defendant's motion to dismiss is granted.
MINTZ, J.