[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS
The defendant Summerville Health Care Group, Inc. (Summerville) moves to dismiss the plaintiffs action for lack of subject matter jurisdiction. The plaintiff Michael Gains Trustee of the Estate of James C. Garris brought this action alleging that the defendant Summerville's negligence was the proximate cause of the disappearance of James C. Gains from the Sarah Pierce Assisted Living Facility in Litchfield.
In its motion, Summerville argues that the plaintiff lacks the capacity and standing to sue. Specifically, Summerville claims that the plaintiffs appointment under General Statutes § 45a-478 does not encompass the authority to bring a personal injury lawsuit.
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court."Gurliacci v. Mayer, 218 Conn. 531, 544 (1991). "A motion to dismiss tests, inter alia, whether, on the fact of the record, the court is without jurisdiction." Upson v. State, 190 Conn. 622, 624 (1983). Subject matter jurisdiction can be raised at any time. Gagnon v. PlanningCommission, 222 Conn. 294, 297 (1992), Standing "implicates a court's subject matter jurisdiction." Stamford Hospital v. Vega, 236 Conn. 646,656 (1996). Once raised the issue of subject matter jurisdiction must be resolved before proceeding further with the case. Figueroa v. CS BallBearing, 237 Conn. 1, 4 (1996).
"In ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegation, construing them in a manner most favorable to the pleader." Pamela B. v. Ment, 244 Conn. 296,308 (1998). "The motion to dismiss . . . admits all facts which are well pleaded, invokes the existing record and must be decided upon that alone . . . Where, however . . . the motion is accompanied by supporting affidavits containing undisputed facts, the court may look to their content for determination of the jurisdictional issue and need not conclusively presume the validity of the allegations of the complaint." (Citation omitted; internal quotation marks omitted.) Barde v. Board ofTrustees, supra, 207 Conn. 62.
The court considers the following as facts for purposes of this motion. The plaintiff is the son of James C. Garris who, on June 30, CT Page 6789 1999, was 80 years of age, suffering from dementia and unable to care for himself On that date he was admitted to the Sarah Pierce Assisted Living Facility, which was managed by Summerville. On July 15, 1999, James C. Garris wandered or ran away from the Sarah Pierce facility. Despite a massive search by state police and personnel from the department of environmental protection from July 5., 1999 to August 2, 1999, James C. Garris has not been seen or heard from. On April 4, 2000, the plaintiff was appointed trustee of the estate of James C. Garris in the Probate Court for the district of Granby in the State of Connecticut. The appointment was made pursuant to General Statutes § 45a-478. Under that statute,
 (c) Such trustee, upon giving a probate bond, shall have charge of such property, and he shall have the same powers. duties and obligations as a conservator of the estate of an incapable person. With the approval of the court of probate, such trustee may use any portion of the income or principal of such property for the support of the spouse and minor children of such person.
(Emphasis added.)
The plaintiff argues that the "powers, duties and obligations" of a conservator of the estate do not include the power to bring this lawsuit. The court disagrees.
Under General Statutes § 45a-644, a conservator of the estate shall supervise the financial affairs of the incapable person. Further, under § 45a-655, the conservator shall
 manage all the estate and apply so much of the net income thereof, and, if necessary, any part of the principal of the property, which is required to support the ward and those members of the ward's family whom he or she has the legal duty to support and to pay the ward's debts, and may sue for and collect all debts due the ward.
In managing the estate, a conservator has broad authority. Dept. ofSocial Services v. Saunders, 247 Conn. 686, 707 (1999). In applying well established principles of statutory construction to § 45a-655, theSaunders court noted that the term "manage" is not defined in the statutory provisions pertinent to conservatorships. That court found that management of an estate could include the creation of a trust.[1] It used the following language: CT Page 6790
 Although it would be infeasible to enumerate statutorily every permissible action a conservator might take in management of a ward's estate, application of the [Black's Law Dictionary] definition to the word "manage" in § 45a-655 (a) results in a statutory grant of wide-scale authority to the conservator . . .
Dept. of Social Services v. Saunders, supra, 247 Conn. 698. See also The Jewish Home for the Elderly v. Cantore, 257 Conn. 531, 542 (2001).
In denying this motion to dismiss, the court is guided by the principle that "every presumption favoring jurisdiction should be indulged." Amodiov. Amodio, 247 Conn. 724, 728 (1999), quoting Connecticut Light PowerCo. v. Costle, 179 Conn. 415, 420-21, n. 3 (1980). Here, the plaintiff as conservator has an obligation to manage the estate that protects the rights and interests of his father, the ward. Bringing this negligence action on his behalf is within those obligations. Further, the court notes that there are a number of Superior Court cases where a conservator of estate has brought an action on behalf of a conserved person who has allegedly sustained injuries. See Estate of Torres v.Gonzalez-Aguillion, Superior Court, judicial district of Hartford, Docket No. 806035 (January 2, 2002, Beach, J.); Kristofak v. General MotorsCorp., Superior Court, judicial district of Waterbury, Docket No. 145041 (October 29, 2001, Rogers, J.) Ruth v. Poggie, Superior Court, judicial district of Tolland at Rockville, Docket No. 52750 (November 22, 1993,Klaczak, J.); Babcock for Babcock v. New Haven Suzuki, Inc., Superior Court, judicial district of New Haven, Docket No. 259999 (October 17, 1990, Berdon, J.); Novak v. Mario D'Addario Limo Service, Inc., Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 36316 (December 10, 1992, McGrath, J.) Valentino v. Gaylord Hospital, Superior Court, judicial district of Bridgeport, Docket No. 266784 (February 19, 1992, Lewis, J.).
For the foregoing reasons, the motion to dismiss is denied.
 ___________________ DiPentima, J.