[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiffs Lyndsey Keene and Lorraine Longmoor bring this action in a two-count complaint against five defendants for damages arising out of regulated activity as defined under General Statutes § 22-38 (13). The five defendants are William Langer, Richard Langer, Dr. Kevin O'Hara, Richard Zappulla, Thomas Crose and Kare Construction, Inc. The first count seeks civil penalties under General Statutes § 22a-44 (c) against all the defendants, and the second count sounds in negligence against the defendant Kare Construction, Inc. only. The defendants move to dismiss the entire complaint.
The defendants' motion, filed October 7, 2002 seeks a dismissal on the grounds that there is no subject matter jurisdiction. The plaintiffs, then pro se, filed an objection to the motion on December 11, 2002. The court initially heard argument on the motion on December 23, 2002 and then heard further argument, after counsel filed an appearance on behalf of the plaintiffs on January 21, 2003. Further, memoranda was filed by the parties on February 4 and February 6, 2003.
The first count of the complaint alleges that the defendants began a construction project from July 27, 2001, through July 29, 2001 on Woodland Acres Road in Barkhamsted and that the defendants' activity resulted specifically in the diversion of an intermitten watercourse. This count was brought under General Statutes § 22a-44 (b).
In the second count, the plaintiffs allege that the negligence of the defendant Kare Construction in failing to obtain the required permits caused the plaintiffs significant harm and damage.
General Statutes § 22a-44 (b) reads,
(b) Any person who commits, takes part in, or assists in any violation of any provision of sections 22a-36 to 22a-45, inclusive, including regulations adopted by the commissioner and ordinances and regulations CT Page 2621 promulgated by municipalities or districts pursuant to the grant of authority herein contained, shall be assessed a civil penalty of not more than one thousand dollars for each offense. Each violation of said sections shall be a separate and distinct offense, and, in the case of a continuing violation, each day's continuance thereof shall be deemed to be a separate and distinct offense. The Superior Court, in an action brought by the commissioner, municipality, district or any person, shall have jurisdiction to restrain a continuing violation of said sections, to issue orders directing that the violation be corrected or removed and to assess civil penalties pursuant to this section. All costs, fees and expenses in connection with such action shall be assessed as damages against the violator together with reasonable attorneys fees which may be allowed, all of which shall be awarded to the commissioner, municipality, district or person which brought such action. All penalties collected pursuant to this section shall be used solely by the Commissioner of Environmental Protection (1) to restore the affected wetlands or watercourses to their condition prior to the violation, wherever possible, (2) to restore other degraded wetlands or watercourses, (3) to inventory or index wetlands and watercourses of the state, or (4) to implement a comprehensive training program for inland wetlands agency members.
(Emphasis added.)
In this motion, the defendants claim that the entire action should be dismissed because the commissioner of the Department of Environmental Protection acting through the Barkhamsted Inland Wetlands Commission have addressed and disposed of the factual complaints made by the plaintiffs here. Citing doctrines of exhaustion of administrative remedies and primary jurisdiction, the defendants argue that the plaintiffs cannot present these claims in the Superior Court.
Accompanying their motion is an affidavit signed by the Inland Wetlands Enforcement Officer for the town of Barkhamsted with copies of the original documents comprising the inland wetlands commission's file on complaints by Lyndsey Keene and Lorraine Longmoor regarding work performed on Woodland Acres Road in July 2001.
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court."Gurliacci v. Mayer, 218 Conn. 531, 544 (1991). "A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." Upson v. State, 190 Conn. 622, 624 (1983). Subject matter jurisdiction can be raised at any time. Gagnon v. PlanningCT Page 2622Commission, 222 Conn. 294, 297 (1992). Once raised, the issue of subject matter jurisdiction must be resolved before proceeding further with the case. Figueroa v. CS Ball Bearing, 237 Conn. 1, 4 (1996). "[A] motion to dismiss is not designed to test the legal sufficiency of a complaint in terms of whether it states a cause of action." Pratt v. Old Saybrook,225 Conn. 177, 185 (1993).
"In ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegation, construing them in a manner most favorable to the pleader." Pamela B. v. Ment, 244 Conn. 296,308 (1998). "The motion to dismiss . . . admits all facts which are well pleaded, invokes the existing record and must be decided upon that alone . . . Where, however . . . the motion is accompanied by supporting affidavits containing undisputed facts, the court may look to their content for determination of the jurisdictional issue and need not conclusively presume the validity of the allegations of the complaint." (Citation omitted; internal quotation marks omitted.) Barde v. Board ofTrustees, supra, 207 Conn. 62.
The defendants rely heavily on Fish Unlimited v. Northeast UtilitiesServices Co., 254 Conn. 21 (2000), for their position that the plaintiffs have no further recourse. There the Supreme Court affirmed the dismissal of an action brought under General Statutes § 22a-16 because the plaintiffs lacked standing.
Because the statutory language is significantly different between § 22a-16 and § 22a-44 (b), Fish Unlimited does not govern this case. Further, subsection (a) of § 22a-44, which provides for the inland wetlands commission to take action as to violations, includes the following,
The issuance of an order pursuant to this section shall not delay or bar an action pursuant to sub-section (b) of this section.
The legislature clearly did not intend that administrative action should preclude court action. Based upon the language of this statute, in both subsections (a) and (b), the court must reject the defendants' claim that the doctrine of exhaustion of administrative remedies and primary jurisdiction bar this action. The court further notes that Exhibits Q and S of the defendants' submission suggest that the inland wetlands commission attempted to resolve the inland wetlands issues raised here, making some findings of impact, but not issuing an order. See also Wilcoxv. American Materials Corp. , judicial district of Hartford at Hartford, doc. no. 010809603 (April 3, 2002) (31 Conn.L.Rptr. 712) (Lavine, J.). CT Page 2623
This court is limited in its consideration by the rules pertaining to a motion to dismiss. Accordingly, the court does not address either the merits of the complaint in light of the prior administrative proceedings nor the sufficiency of the allegations of count two.
The motion is denied.
DiPentima, J. CT Page 2624