[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION CT Page 9195
Plaintiff Michael Rogers appeals the decision of the defendant commissioner of motor vehicles which suspended his privilege to operate a motor vehicle in this state pursuant to General Statutes 14-227b. The appeal is brought pursuant to General Statutes 4-183. The court finds the issues in favor of the plaintiff.
The plaintiff's principal contention on appeal is that he was denied due process of law because the state department of motor vehicles failed to afford him the opportunity of a hearing on the license suspension. The material facts are undisputed or appear in the record.
On November 20, 1991, Trooper Vegliante of the Connecticut State Police arrested the plaintiff and charged him with operating under the influence of liquor in violation of General Statutes 14-227a, as well as two other motor vehicle violations. The plaintiff had been operating his vehicle on Route 15 in Orange, Connecticut, and was involved in a collision with another vehicle. The plaintiff had only a Massachusetts operating license at the time, which showed his address to be 7 Christine Road, Hull, Massachusetts. In connection with the arrest on the drunk driving charge, pursuant to General Statutes14-227b(c), the police officer issued the plaintiff a temporary operator's license on which the officer inscribed that same address. He also issued to the plaintiff, however, a misdemeanor summons on which he inscribed in one space that the plaintiff's address was "7 Christine Road, Guilford CT" and in another space that his address was "14 Wauwinet, Guilford, CT." Subsequent to the arrest and pursuant to General Statutes 14-227b(c), the police officer sent to the department of motor vehicles a copy of the temporary license, the plaintiff's Massachusetts license, and a report of the arrest on departmental form A-44. On that form, the officer indicated the plaintiff's address as "7 Christine Road, Bull, MA 02045." The officer did not send the department a copy of the summons which indicated the Connecticut address.
On December 5, 1991, the department mailed a notice CT Page 9196 of suspension to the plaintiff at 7 Christine Road, Hull, Massachusetts 02045. The notice stated that the plaintiff was entitled to a hearing provided he filed a request on or before December 12. If he did not request a hearing, the notice stated that the suspension would take effect on December 25.
This procedure conforms to the requirements of General Statutes 14-227b(d). The plaintiff did not request a hearing, and no hearing was held. Instead, on December 26, 1991, the department sent the plaintiff a notice confirming the license suspension.
On January 13, 1992, the plaintiff filed a petition for reconsideration of the commissioner's decision. In that petition, he claimed that he never received the original suspension notice and, therefore, was unable to request a hearing within the prescribed time. He stated that he informed the officer at the time of his arrest that his actual current address was 14 Wauwinet Court in Guilford, although he acknowledged that he also gave the officer his Massachusetts license showing the Hull, Massachusetts address. He stated that that was the address of his parents, with whom he formerly lived. The commissioner denied the plaintiff's petition.
Unquestionably, the commissioner had a statutory duty to afford the plaintiff a reasonable opportunity of a hearing before suspending his privilege to operate a motor vehicle in this state. General Statutes 14-227b, (d) and (f); 4-182. Furthermore, "(d)ue process of law requires not only that there be due notice of the hearing but that at the hearing the parties involved have a right to produce relevant evidence, and an opportunity to know the facts on which the agency is asked to act, to cross-examine witnesses and to offer rebuttal evidence." Huck v. Inland Wetlands Watercourses Agency, 203 Conn. 525, 536 (1987).
In the present case, the criminal summons that the police officer issued the plaintiff, which is in the record, establishes that the officer knew of the plaintiff's address in Guilford in addition to the address on the Massachusetts license. The record also establishes that the police officer did not provide this information to the department, with the result that the department sent CT Page 9197 the notice informing the plaintiff of the deadline to request a hearing to the Massachusetts address but not to the Guilford address. The issue in the case, therefore, is whether, under these circumstances, the plaintiff was afforded sufficient opportunity of a hearing prior to the suspension of his operating privilege.
The department argues, preliminarily, that the "suspension information" on the back side of his temporary license was sufficient to impose responsibility on the plaintiff to inquire as to the date of the hearing. This argument has no merit. The "suspension information" is entirely general and merely informs the licensee that "Instructions for requesting an administrative hearing and the date by which such a request must be received will be specified in the suspension notice." In effect, that language relieves the licensee of the responsibility to do anything until he or she receives the suspension notice containing the deadline date.
The department's principal argument is that it fulfilled its obligation to provide an opportunity of a hearing by mailing the deadline notice only to the Massachusetts address. It points out that it could do no more, because that was the only information that the police officer had furnished. Since it was not at fault, the department contends, the plaintiff should not prevail on his due process claim. In effect, the department urges the court, in a case where both parties are blameless, to impose the burden of a failure of due process on the plaintiff; that is, on the party to whom the benefit is owed.
The department offers no statutory or other authority for its contention that the plaintiff should suffer the failure of notice solely because the department acted in good faith. Both parties cite a department regulation, however, and the court finds that it is dispositive of the issue. Section 14-227b-11 of the Regulations of State Agencies, pertaining to the notice involved in this case, provides as follows:
Sec. 14-227b-11. Mailing address of arrested person
If a person arrested for an enumerated CT Page 9198 offense provides to the arresting officer a mailing address different from the address of record of such person as recorded in the files of the department, all correspondence and notices required by these regulations shall be mailed to both the address of record and to the mailing address provided to the arresting officer.
This regulation requires the department to mail the notice to both addresses in a case involving a person holding a Connecticut operator's license; that is, a person whose "address of record" is "recorded in the files of the department." It assumes that the police officer will inform the department when the accused gives a different address, but its mandatory, no exceptions language effectively places the burden on the department, not the accused, in a case where the police officer fails to do so. Although the regulation, by its terms, applies to the holders of Connecticut licenses, it supports a general policy that any person is entitled to rely on the police to transmit his correct address to the department in order to ensure that he will receive the department's subsequent notices. This court agrees that such a policy is necessary in order fully to protect the constitutional right of due process in license suspension proceedings. If it were otherwise, the right would be sacrificed every time the police, through neglect or otherwise, failed to transmit to the department the current address given by the accused.
The foregoing analysis of the department's regulation in the context of this case leads the court to conclude that the policy underlying the regulation should be applied to those holding out-of-state licenses as well as to holders of Connecticut licenses. Such licensees have the same constitutional rights of due process as do Connecticut licensees. This court holds, therefore, that the plaintiff was deprived of due process of law because the department failed to send him, at the address he furnished the police, the notice informing him of the statutory deadline for requesting a hearing on his license suspension. Accordingly, pursuant to General Statutes4-183(j)(1) and (3), the plaintiff's appeal is sustained.
Maloney, J. CT Page 9199