[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff David Bower appeals the decision of the defendant commissioner of motor vehicles suspending his motor vehicle operator's license for one year[1] for his refusal to submit to a chemical alcohol test. The commissioner acted pursuant to General Statutes § 14-227b(d) and (e). The plaintiff appeals pursuant to § 4-183. The court finds the issues in favor of the defendant.
The limited record sets forth the following undisputed facts. On September 20, 1997, the plaintiff was arrested by a Connecticut State police officer and charged with operating a motor vehicle while under the influence of alcohol in violation of General Statutes § 14-227a. On September 29, 1997, the commissioner sent a notice of suspension to the plaintiff indicating that his driver's license would be suspended effective October 21, 1997 for one year. The notice also indicated that the plaintiff was entitled to request a hearing within seven days of the date of the notice. The plaintiff did not request a hearing within seven days. On October 16, 1997, the commissioner sent another notice to the plaintiff affirming the suspension of his license. On CT Page 4658 November 5, 1997, the plaintiff sent the commissioner a motion for reconsideration as to his suspension, stating the following:
 1. Respondent in the above-entitled matter respectfully represents that he was arrested for DWI on September 21, 1997.
 2. Due to business reasons he left the State of Connecticut on September 28, 1997 and was in U.S. southern states until October 23, 1997 or October 24, 1997.
 5. Respondent has bona fide defenses in that the urine test which he was required to submit to was taken more than two hours after the time of operation.
 6. Respondent has a further defense in that the results of said urine test show his blood equivalent to be .06, well below the point .10 standard of intoxication.
 Wherefore, due to the fact that the defendant was unable by reasons not his fault to promptly address the motor vehicle suspension, Respondent respectfully moves for reconsideration and/or a new hearing.
(Return of Record, ROR, Motion for Reconsideration dated November 5, 1997.) The motion was denied on November 6, 1997. The plaintiff filed this appeal on November 20, 1997, essentially requesting a remand for a hearing before the commissioner.
By motion to dismiss the defendant raised the issue of lack of subject matter jurisdiction on the ground that the suspension is not the result of a final decision in a contested case. A motion to dismiss properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court. Gurliacci v. Mayer, 218 Conn. 531, 544 (1991). "A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." Upson v.State, 190 Conn. 622, 624 (1983). Subject matter jurisdiction can be raised at any time. Gagnon v. PlanningCommission, 222 Conn. 294, 297 (1992). Once raised, the issue of subject matter jurisdiction must be resolved before proceeding further with the case. Figueroa v. CS Ball Bearing,237 Conn. 1, 4 (1996).
"The motion to dismiss . . . admits all facts which are well CT Page 4659 pleaded, invokes the existing record and must be decided upon that alone. . . . Where, however, . . . the motion is accompanied by supporting affidavits containing undisputed facts, the court may look to their content for determination of the jurisdictional issue and need not conclusively presume the validity of the allegations of the complaint." Barde v. Board of Trustees,207 Conn. 59, 62 (1988). No evidentiary hearing was requested by either party in this case, and the court will consider the undisputed factual allegations in the plaintiff's complaint and motion for reconsideration to determine subject matter jurisdiction. Knipple v. Viking Communications, 236 Conn. 602,608 (1996).
The commissioner asserts that because the plaintiff failed to request a hearing pursuant to the statute, the suspension order is not a "final decision." The pertinent provisions of General Statutes § 14-227b are subsections (d) and (e):
 (d) Upon receipt of such report, the Commissioner of Motor Vehicles may suspend any license or nonresident operating privilege of such person effective as of a date certain, which date shall be not later than thirty days after the date such person received notice of his arrest by the police officer. Any person whose license or operating privilege has been suspended in accordance with this subsection shall automatically be entitled to a hearing before the commissioner to be held prior to the effective date of the suspension. The commissioner shall send a suspension notice to such person informing such person that his operator's license or nonresident operating privilege is suspended as of a date certain and that he is entitled to a hearing prior to the effective date of the suspension and may schedule such hearing by contacting the Department of Motor Vehicles not later than seven days after the date of mailing of such suspension notice.
 (e) If such person does not contact the department to schedule a hearing, the commissioner shall affirm the suspension contained in the suspension notice for the appropriate period specified in subsection (h) of this section.
(Emphases added.)
The plaintiff did not comply with the provisions of subsection (d) to request a hearing within seven days after the suspension notice was mailed. Accordingly, the commissioner proceeded pursuant to subsection (e) to affirm the suspension. The CT Page 4660 plaintiff does not claim that the commissioner failed to send him the suspension notice indicating the procedure for requesting a hearing. Rather, he states that he was out of state on business so that his "mail piled up. " (Plaintiff's brief, p. 1.) The commissioner argues that because the plaintiff did not timely request a hearing, he is not entitled to one, that the affirmance of his suspension under (e) is not a decision that can be appealed to the Superior Court under General Statutes § 4-183.
Under Buckley v. Muzio, 200 Conn. 1, 3 (1986), "[j]udicial review of the commissioner's action is governed by the Uniform Administrative Procedure Act (General Statutes, c. 54 §§ 4-166
through 4-189), and the scope of that review is very restricted." General Statutes § 4-183 (a) authorizes the appeal of an agency decision such as the commissioner's. It provides:
 [a] person who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision may appeal to the superior court as provided in this section.
Thus, the Superior Court has jurisdiction only over appeals from a "final decision" of an administrative agency. Summit HydropowerPartnership v. Commissioner of Environmental Protection, supra,226 Conn. 811-12. Under General Statutes § 4-166 (3), `"final decision" means "(A) the agency determination in a contested case, (B) a declaratory ruling issued by an agency pursuant to section 4-176 or (C) an agency decision made after reconsideration. . . ." A contested case is defined as "a proceeding, including but not restricted to rate-making, price fixing and licensing, in which the legal rights, duties or privileges of a party are required by statute to be determined by an agency after an opportunity for hearing or in which a hearing is in fact held. . . ." General Statutes § 4-166(2). Under subsection (d) of General Statutes § 14-227b, the plaintiff had an opportunity for a hearing. Accordingly, the court will not dismiss the appeal on this ground.
In his brief, the plaintiff asserts that "equity demands" that under the circumstances of this case the court order the commissioner to hold a hearing. This court's review is limited by General Statutes § 4-183(j), which provides:
 The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. CT Page 4661 The court shall affirm the decision of the agency unless the court finds that substantial rights of the person appealing have been prejudiced because the administrative findings, inferences, conclusions, or decisions are: (1) In violation of constitutional or statutory provisions; (2) in excess of the statutory authority of the agency; (3) made upon unlawful procedure; (4) affected by other error of law; (5) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion. If the court finds such prejudice, it shall sustain the appeal and, if appropriate, may render a judgment under subsection (k) of this section or remand the case for further proceedings. For purposes of this section, a remand is a final judgment.
In order for this court to reverse the commissioner's decision not to schedule a hearing, it must find that the decision was "arbitrary or capricious or characterized by abuse of discretion." General Statutes § 4-183(j)(6). The record and undisputed facts do not support such a finding. The commissioner complied with the provisions of the statute. The plaintiff did not. This is not a situation where the commissioner sent notice of the suspension and right to a hearing to the wrong address; see Rogers v. Goldberg, Superior Court, judicial district of New Haven at New Haven, Docket No. 327731 (October 5, 1992) (Maloney, J., 7 CONN. L. RPTR. 435, 7 CSCR 1191); or some other error was committed by the commissioner resulting in untimely notice to the plaintiff. The fact that the plaintiff was called out of state on business so that he did not read his mail does not require the commissioner to go beyond the statute in scheduling a hearing.
The defendant argues that the plaintiff waived his right to a hearing by not complying with the statute. The plaintiff responds in his brief that he could not have knowingly waived his right to a hearing because after his arrest, he did not receive a temporary operator's license, which contains information regarding his right to a hearing. However, the plaintiff did not bring this to the attention of the agency in his motion for reconsideration.[2] Waiver involves the intentional relinquishment of a known right. Cassella v. Kleffke, 38 Conn. App. 340, 347, cert. denied, 235 Conn. 905 (1995). "Waiver does not have to be express, but may consist of acts or conduct from which waiver may be implied. In other words, waiver may be inferred from the circumstances if it is reasonable so to do." Novella v. Hartford
CT Page 4662Accident Indemnity Co., 163 Conn. 552, 562 (1972). Here, it is reasonable to infer a waiver from the fact that the plaintiff left the state after his DWI arrest without arranging for his mail to be checked.
For all the foregoing reasons, the plaintiff's appeal is dismissed.
DiPENTIMA, J.