EDWIN BAUMER ET AL. *v.* ZONING COMMISSION OF
THE BOROUGH OF NEWTOWN ET AL.
(AC 16105)

Landau, Schaller and Shea, Js.

Argued March 5—officially released July 15, 1997

*Randall J. Carreira,* for the appellants (plaintiffs).

*Donald A. Mitchell,* for the appellees (defendants).

*Opinion*

SHEA, J. In this appeal, the plaintiffs, Edwin Baumer
and Jean Baumer, seek to reverse the decision of the

defendant zoning commission of the borough of Newtown (commission) approving a site plan for an addition to the Cyrenius H. Booth Library. The plaintiffs claim to be aggrieved pursuant to General Statutes § 8-8 (a) (1)[1] by virtue of their ownership of land within 100 feet of the land on which the addition is to be constructed. The defendants, the commission and the trustees of the library, filed a motion in the trial court, however, to dismiss the action for lack of subject matter jurisdiction because of the failure to serve a copy of the complaint on the clerk for the borough of Newtown within the fifteen days allowed by § 8-8 (b).[2] The court granted that motion, and the plaintiffs petitioned for certification of the appeal. After this court granted certification, the plaintiffs filed their appeal from the dismissal of the complaint by the trial court. In their briefs, they raise various issues concerning the requirements of § 8-8 (e) and (f) for service of a zoning appeal and also the provisions of § 8-8 (p) and (q) relating to the effect of a failure to comply strictly with those service requirements on the jurisdiction of the Superior Court over a zoning appeal.

---

[1] General Statutes § 8-8 (a) (1) provides in relevant part: " 'Aggrieved person' means a person aggrieved by a decision of a board and includes any officer, department, board or bureau of the municipality charged with enforcement of any order, requirement or decision of the board. In the case of a decision by a zoning commission, planning commission, combined planning and zoning commission or zoning board of appeals, 'aggrieved person' includes any person owning land that abuts or is within a radius of one hundred feet of any portion of the land involved in the decision of the board."

[2] General Statutes § 8-8 (b) provides: "Except as provided in subsections (c) and (d) of this section and sections 7-147 and 7-147i, any person aggrieved by any decision of a board may take an appeal to the superior court for the judicial district in which the municipality is located. The appeal shall be commenced by service of process in accordance with subsections (e) and (f) of this section within fifteen days from the date that notice of the decision was published as required by the general statutes. The appeal shall be returned to court in the same manner and within the same period of time as prescribed for civil actions brought to that court."

After the parties had argued the appeal and while the case was under consideration, the defendants filed a motion to dismiss the appeal to this court on the ground that the issues had become moot as a result of the approval of a revised site plan by the commission. The motion alleges that in January, 1997, the defendant library trustees submitted for approval of the defendant commission a revised site plan for the same parcel involved in the pending appeal. The revised plan incorporated all of the items previously approved by the commission's June 16, 1995 decision, which is the subject of the pending appeal, and added some others. The commission approved the revised plan on February 11, 1997. No appeal was taken from that decision. Because the same development activities approved in the 1995 decision of the commission, as well as some additional ones, have now been sanctioned by the 1997 decision of the commission, which has now become final, the defendants have moved to dismiss the pending appeal for mootness.

The plaintiffs do not dispute that the 1997 approval of the revised site plan has become final because of the absence of an appeal therefrom. They concede that the revised site plan is substantially similar to the original site plan, which is the subject of this appeal. They admit that the only changes in the revised plan are "additional plantings and a designation of certain areas as 'future parking' rather than current parking areas, the relocation of a 'chiller' with appropriate screening, and the placement of a retaining wall required by the building department."

In *Gagnon* v. *Planning Commission*, 24 Conn. App. 413, 414–15, 588 A.2d 1385 (1991), this court affirmed the trial court's dismissal as moot of an appeal from the approval of a subdivision plan after the planning commission had approved a resubdivision of the same property and no appeal from that determination was

taken. Our Supreme Court agreed with the holding of this court that approval of the resubdivision plan controlled the rights to develop the parcel and that the court was not required to take up the merits of the claim that the resubdivision was the product of a host of procedural irregularities. *Gagnon* v. *Planning Commission*, 222 Conn. 294, 298, 608 A.2d 1181 (1992). Although the present case involves a revised site plan rather than a resubdivision plan, we perceive no significant distinction on that ground and regard *Gagnon* as a controlling precedent.

"Notwithstanding any similarities between the original subdivision application and the resubdivision application, approval of the resubdivision application controls the applicant's rights to develop the parcel. The plaintiff's appeal of the approval of the original subdivision application cannot substitute for a timely appeal from the approval of the resubdivision application. Because there was no appeal of the approval of the resubdivision application as required . . . there is no actual and existing controversy regarding its approval. The plaintiff has not and cannot now challenge the power of the commission to act on the resubdivision application on the ground of a lack of statutory authorization. . . . The propriety, correctness or legality of that approval cannot be attacked directly or collaterally at this point; since it is not before us, we will not speculate as to its validity. We will not render judicial opinions on points of law absent an actual and existing controversy. . . ." (Citations omitted.) *Gagnon* v. *Planning Commission*, supra, 24 Conn. App. 417–18.

In their brief opposing dismissal of their appeal, the plaintiffs argue that the issues are not moot because they have a potential claim for a violation of their constitutional rights in the event that it should be determined that the commission acted arbitrarily or with a discrimi-

natory intent in approving the original site plan.[3] No such issues, however, are raised in the briefs filed in this appeal, which concerns only the question of whether service of the complaint in the action was defective and the effect of such a defect on the jurisdiction of the court.

The plaintiffs also contend that this appeal falls within the doctrine that an otherwise moot case is justiciable if it presents an issue of public importance that is capable of repetition but likely to evade appellate review. See *Loisel* v. *Rowe*, 233 Conn. 370, 382, 387–88, 660 A.2d 323 (1995). One essential criterion for application of that doctrine is that the issue in the pending case "by its very nature must be of a limited duration so that there is a strong likelihood that the substantial majority of cases raising [that issue] will become moot before appellate litigation can be concluded." Id., 382. The procedural issues raised in this appeal, which were the basis for the dismissal of the action in the trial court, involve the failure to serve the clerk of a borough within the time prescribed by statute in an appeal from the action of the zoning commission for the borough. Such issues are not ordinarily of brief duration likely to evade appellate review. In the overwhelming majority of zoning appeals on the docket of an appellate court, issues involving the propriety of service and the effect of deviations from the time and manner of service prescribed by statute are finally determined by that court. See *Fong* v. *Planning & Zoning Board of Appeals*, 212 Conn. 628, 635, 563 A.2d 293 (1989); *Spicer* v. *Zoning Commission*, 212 Conn. 375, 378, 562 A.2d 21 (1989); *Andrew Ansaldi Co.* v. *Planning & Zoning Commission*, 207 Conn. 67, 70, 540 A.2d 59 (1988); *Simko* v. *Zoning Board of Appeals*, 206 Conn. 374, 376, 538 A.2d

---

[3] On the basis of that site plan approval, the defendant library trustees commenced the construction activities that are claimed to have damaged the plaintiffs.

202 (1988); *Simko* v. *Zoning Board of Appeals*, 205 Conn. 413, 417–19, 533 A.2d 879 (1987). The frequency of those determinations is a significant indication that the issues raised in this appeal will probably arise again and will not become moot prior to the judgment of an appellate court. The circumstances that have rendered this appeal moot do not occur frequently.

The appeal is dismissed.

In this opinion the other judges concurred.