[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS
The plaintiffs, Samuel Russell and Julie Russell, seek to appeal the June 10, 1997, decision of the Planning Commission of the City of Norwalk approving defendant C.G.S., Inc.'s CT Page 2849 application for a subdivision. The citation accompanying this appeal, dated June 20, 1997, directs the sheriff to summon the Planning Commission of the City of Norwalk "by leaving with or at the usual place of abode of the Chairman or Secretary of the Planning Commission of the City of Norwalk, Connecticut and the Town Clerk of the City of Norwalk, a true and attested copy of the complaint and appeal and of this citation and summons. . . ." The sheriff's return, dated June 27, 199[7], states that a true and attested copy of the original summons, complaint, appeal 
recognizance with surety was left "with and in the hands of the Norwalk City Clerk K.C. Senie." Service was also made on both the chairman and secretary of the Commission.
The defendant, C.G.S., Inc. (C.G.S.) was not originally included in the appeal, but filed a motion to intervene on July 30, 1997, which was granted. Defendant C.G.S. filed a motion to dismiss the plaintiffs' appeal for lack of subject matter jurisdiction.
C.G.S. argues that because the citation directs service on the "Town Clerk of the City of Norwalk," but service was actually made on the Norwalk City Clerk, a separate person, the requirements of General Statutes § 8-8(e) directing service on the "clerk of the municipality" were not met. C.G.S. argues that failure to properly cite and serve the municipal clerk is a jurisdictional defect which requires dismissal of the appeal. C.G.S. further argues that if the clerk of the municipality for purposes of a zoning appeal is the Town Clerk, then service was never made on the Town Clerk. Conversely, if the clerk of the municipality is the City Clerk, the citation does not direct service on the City Clerk and delivery of a copy of the appeal is not sufficient to confer subject matter jurisdiction.
The plaintiffs argue that because the Town of Norwalk and the City of Norwalk were consolidated in 1913, both the town clerk and the city clerk constitute the clerk of the municipality and an inconsistency between the citation and service is a curable technical defect. The plaintiffs argue that if the Town Clerk is the clerk of the municipality for purposes of General Statutes § 8-8(e), then the sheriff made insufficient process which is curable under § 8-8(q). If the City Clerk is the clerk of the municipality, then the defect in the citation only affects personal jurisdiction over the defendant Commission, not subject matter jurisdiction. Further, they contend that C.G.S. does not have standing to raise this personal jurisdiction issue, but even CT Page 2850 if they have standing, they have waived any objection by not filing a motion to dismiss within thirty days of filing an appearance.
I. STATUTORY FRAMEWORK
Zoning appeals are governed by General Statutes § 8-8. General Statutes § 8-8(e) (formerly § 8-8(b)) requires that the clerk of the municipality be cited and served with copies of the appeal.[1] Prior to the enactment of Public Acts 1988, No. 88-79, § 8-8(b) had been interpreted by the Supreme Court as requiring that the clerk of the municipality be made a necessary party to the zoning appeal. Simko v. Zoning Boardof Appeals, 205 Conn. 413, 417 (1987) (Simko I).
In Simko, the court held that "failure to name a statutorily mandated, necessary party in the citation is a jurisdictional defect which renders the administrative appeal subject to dismissal." Id., 421. After reconsideration, the Supreme Court reaffirmed this holding in Simko v. ZoningBoard of Appeals 206 Conn. 374, 383, 538 A.2d 202(1988)(Simko II).
In 1988, the legislature responded to the Simko
decisions by enacting P.A. 88-79 which provided that "service upon the clerk of the municipality shall be for the purpose of providing additional notice of such appeal to said board and shall not thereby make such clerk a necessary party to such appeal"
In Capalbo v. Planning Zoning Board of Appeals,208 Conn. 480, 489, 547 A.2d 528 (1988), the Supreme Court stated that "even as amended by Public Acts 1988, No. 88-79, § 1, General Statutes § 8-8(b) still requires the clerk of a municipality to be served with true and attested copies of the appeal. Actual delivery of a copy of the appeal by the sheriff to the town clerk, as occurred in the case, is of no legal effect if there is no direction in the citation to serve the clerk."
In Capalbo, the plaintiffs served the town clerk with a copy of their appeal, but did not cite the clerk as a party to the appeal. Capalbo v. Planning and Zoning Board ofAppeals, supra, 208 Conn. 485. The court, however, did consider the merits of the appeal based on its construction of § 3(a) of Public Acts 1988, No. 88-79. This "saving" provision attempted to validate zoning appeals taken within a CT Page 2851 specified period which would otherwise be invalid and subject to dismissal based on the Supreme Court's holding in theSimko cases. The court in Capalbo, construed § 3(a), the saving provision, "to encompass not only the failure to name the town clerk as a party in the initial portion of the citation, but also the failure to name him or her for the purpose of directing proper service by the sheriff." Capalbov. Planning Zoning Board of Appeals, supra, 489. Thus, while the Supreme Court gave § 3(a), the saving provision, this construction, it did not extend this construction to General Statutes § 8-8(b) as amended by P.A. 88-79.
In 1989, the legislature amended § 8-8 again. Public Acts 1989, No. 89-356 added § 8-8 (p), a saving provision which provides that the "right of a person to appeal a decision of a board to the Superior Court, and the procedure prescribed in this section, shall be liberally construed in any case where a strict adherence to these provisions would work surprise or injustice." Public Act 89-356 also added § 8-8(q) a saving provision applicable where there has been insufficient service or return of process "due to unavoidable accident or the default or neglect of the officer to whom it was committed, or the appeal has been otherwise avoided for any matter of form. . . ."
II. IS THE DEFECT CURABLE?
In the present case, if the "clerk of the municipality" is the Town Clerk, the sheriff served a clerk not named in the citation and this case falls squarely within the saving provision, § 8-8(q), under neglect of the sheriff. If the "clerk of the municipality" is the City Clerk, the citation is defective, and the issue then becomes whether the defect is curable or whether the appeal must be dismissed.
"The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter. . . ." (Internal quotation marks omitted.) Sadloski v. Manchester,235 Conn. 637, 645 46 n. 13, 668 A.2d 1314 (1995). "[S]ubject matter jurisdiction can be raised at any time. . . ." Gagnon v.Planning Commission, 222 Conn. 294, 297, 608 A.2d 1181
(1992). "[O]nce the question of lack of jurisdiction of a court is raised, [it] must be disposed of no matter in what form it is presented . . . and the court must fully resolve it before proceeding further with the case." (Internal quotation marks omitted.) Figueroa v. C S Ball Bearing, 237 Conn. 1, CT Page 2852 4, 675 A.2d 845(1996). "Appeals to courts from administrative agencies exist only under statutory authority. . . . A statutory right to appeal may be taken advantage of only by strict compliance with the statutory provisions by which it was created. . . . Such provisions are mandatory, and, if not complied with, the appeal is subject to dismissal." Officeof Consumer Counsel v. Dept. of Public Utility Control,234 Conn. 624, 640, 662 A.2d 1251(1995).
There is a split of authority at the Superior Court level as to whether administrative appeals can be saved from jurisdictional defects. The plaintiffs cite Wasilewski v.Planning Zoning Commission, Superior Court, judicial district of New Haven at New Haven, Docket No. 354703 (May 13, 1994) (Booth, J.) (11 CONN. L. RPTR. 498) which held that § 8-8(p) and (q) save appeals from jurisdictional defects. There, the court allowed an appeal previously dismissed for lack of, jurisdiction based on the plaintiff's failure to name the defendant town or zoning commission in the citation to be refiled pursuant to § 8-8(p) and (q). InWasilewski the court based its holding on the Supreme Court's decision in Castellon v. Board of Zoning Appeals221 Conn. 374, 603 A.2d 1168(1992).
In Castellon, the plaintiffs appealed a decision of a town zoning and planning commission to the zoning board of appeals instead of to the Superior Court. The plaintiffs misread the court's decision in Conto v. Zoning Commission,186 Conn. 106, 439 A.2d 441(1982) as holding that all appeals from decisions of zoning commissions must first be brought to the zoning board of appeals and not directly to the Superior Court. In Castellon, the Supreme Court held that the holding of Conto was limited to its facts and was not a rule of general applicability. Castellon v. Board of ZoningAppeals, supra, 221 Conn. 383. The court remanded the case with instructions to the trial court to retain the case pursuant to General Statutes § 8-8(p) to avoid dismissal because the plaintiffs filed their appeal to the court from the action of the board and not from the decision of the commission. Id., 383-84. By not appealing the commission's decision directly to the Superior Court, the plaintiffs could have been subjected to a motion to dismiss for untimeliness under General Statutes §8-8(b).
Failing to take an administrative appeal within the time CT Page 2853 prescribed by statute is a jurisdictional defect. VernonVillage Inc., v. Carothers, 217 Conn. 130, 142,585 A.2d 76(1991); see also Baumer v. Borough of Newtown ZoningCommission, Superior Court, judicial district of Danbury at Danbury, Docket No. 323760 (January 15, 1997) (Moraghan, J.). 18 CONN. L. RPTR. 652. Although the court in Castellon did not discuss the application of General Statutes § 8-8(p) generally, and its application was not essential to the court's holding, the court's instruction that, the trial court should retain the case indicates to this court that in certain circumstances § 8-8(p) can save jurisdictional defects.
This court notes that other cases have allowed jurisdictional defects to be cured In Caruso v. Zoning Board ofAppeals, Superior Court, judicial district of New Haven at Meriden, Docket No. 250935 (February 13, 1996, Silbert, J.) (16 CONN. L. RPTR.), the court applied § 8-8(p) and (q) and denied a motion to dismiss for untimely service. InCaruso, the court noted the "unusual facts" of the case, and the language in Castellon v. Board of ZoningAppeals, supra, 221 Conn. 374, and adopted the approach used in Wasilewski v. Planning Zoning Commission, supra, 11 CONN. L. RPTR. 498. Another court allowed a citation to be amended pursuant to General Statutes § 52-72 where the citation failed to name the town clerk but service was actually made on the town clerk. Miller v. Coventry Zoning Board ofAppeals, Superior Court, judicial district of Tolland at Rockville, Docket No. 250955 (November 5, 1992, Klaczak, J.) (7 C.S.C.R. 1292), 7 CONN. L. RPTR. 552. Similarly, Norwich Roman Catholic DiocesanCorp. v. Cromwell Planning Zoning Commission, Superior Court, judicial district of Middlesex at Middlesex, Docket No. 64327 (July 23, 1992, Austin, J.), 7 CONN. L. RPTR. 124, the citation failed to direct service on the town clerk, but the town clerk was served. The court initially dismissed the action, but reopened its judgment of dismissal after the plaintiffs served an amended citation naming the town clerk. The court cited to § 8-8(p) andCastellon v. Board of Zoning Appeals, supra,221 Conn. 374, and allowed the plaintiffs to rely on § 52-72 to revive their appeal.
Additionally, the court in Sidor v. Guilford Planning Zoning, Superior Court, judicial district of New Haven at New Haven, Docket No. 338774 (December 11, 1992, Thompson, J.) (8 CONN. L. RPTR. 62), held that failure to name the town clerk in a zoning appeal citation where service was actually made on the CT Page 2854 clerk was amendable pursuant to General Statutes § 52-128. InSidor, the court stated that "[w]here the citation omits one who is to be served for the purpose of notice only and is not to be a necessary party, it would appear that subject matter jurisdiction should not be implicated" Sidor v.Guilford Planning Zoning, supra, 8 CONN. L. RPTR. 63.
The defendant cites Baumer v. Borough of Newtown,
Superior Court, judicial district of Danbury at Danbury. Docket No. 320869 (April 2, 1996, Leheny, J.) (16 CONN. L. RPTR. 481), appeal dismissed, 45 Conn. App. 653, 697 A.2d 704(1997), in support of its position that General Statutes § 8-8(p) and (q) do not apply to defects in subject matter jurisdiction. InBaumer, the court disagreed with the basis for the conclusion reached by the court in Wasilewski v. Planning Zoning Commission, supra, 11 CONN. L. RPTR. 498. TheBaumer court stated that it read Castellon as being limited to its facts.
Additionally, the Baumer court noted other cases that have held that § 8-8(p) and (q) do not apply to jurisdictional defects. This court notes that two of the cited cases are pre-Castellon: Duggan v. Derby ZoningBoard of Appeals, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 30247 (October 4, 1990) (Fuller, J.) (2 CONN. L. RPTR. 565); and Orange MallShopping Center Co. v. Town Planning Zoning Commission ofHartford, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 23144 (February 23, 1990) (Fuller, J.) (1 CONN. L. RPTR. 303). Another cited case,Singewald v. Inland Wetland Watercourse Agency,
Superior Court, judicial district of New London at New London, Docket No. 528509 (March 2, 1994, Austin, J.) (9 C.S.C.R. 335), 11 CONN. L. RPTR. 220, held that § 8-8(q) does not apply to Inland Wetland Watercourse appeals because § 8-8(q) is not specifically mentioned in General Statutes § 22a43. In the present case, § 8-8(q) is contained within the applicable statute § General Statutes § 8-8.
In the present case, this court finds that because the City of Norwalk and the Town of Norwalk were consolidated in 1913, the City of Norwalk is one municipality with two clerks. Connecticut Register and Manual (1997). This court has faced the Norwalk City Clerk/Town Clerk problem before. In Bliss v. City ofNorwalk, Superior Court, judicial district of Stamford, CT Page 2855 Norwalk at Stamford, Docket No. 135308 (February 9, 1995, D'Andrea, J.), 13 CONN. L. RPTR. 495, this court noted that "[s]ince there is no entity known as the `Town of Norwalk', but there are in fact two separate persons serving as `clerks', one called the `town clerk' and the other the `City Clerk', the City of Norwalk has, in effect, two clerks." In Bliss, an action under General Statutes § 13a-149, the plaintiff provided the requisite notice of his accident to the town clerk of Norwalk, not the city clerk. This court held that by liberally construing the notice requirement, the Town Clerk of the City of Norwalk could be considered the clerk of the City of Norwalk for purposes of §13a-149. In so holding, this court relied upon the purpose of the statutory notice requirement, i.e., "not to set a trap for the unwary," but to allow the municipality to investigate the claim.Bliss v. City of Norwalk, supra, Superior Court, Docket No. 135308, citing Pratt v. Town of Old Saybrook,225 Conn. 177, 182, 621 A.2d 1322 (1993); see also Costello v.City of Norwalk, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 268834 (April 25, 1991) (Katz, J.) (6 C.S.C.R. 480), 3 CONN. L. RPTR. 509.
In the present case, the purpose of the requirement of notice on the clerk of the municipality pursuant to General Statutes § 8-8(e) appears in the text of the statute and is "for the purpose of providing legal notice of the appeal to the board," and not for making the clerk a necessary party to the appeal. In the present case liberal interpretation as permitted under §8-8(p) is appropriate and allows the action to proceed to its merits, thereby effectuating the purpose of § 8-8(e) as amended post-Simko by P.A. 88-79 and P.A. 89-356.
In the present case, the citation directed service to be made on the Town Clerk, but service was actually made on the City Clerk. The court does not need to determine which clerk is the "clerk of the municipality" for purposes of General Statutes § 8-8(e) in order to resolve the present case. If the "clerk of the municipality" is the Town Clerk, the saving provision § 8-8(q) applies. If the "clerk of the municipality" is the City Clerk, this court finds that the plaintiffs' citation is amendable pursuant to General Statutes § 8-8(p) and (q). The court finds that pursuant to § 8-8(p), a liberal interpretation is appropriate in this case since a strict adherence would "work . . . injustice." General Statutes § 8-8(o) The court makes this finding based on this court's reading of Castellon v. Board of Zoning Appeals,
CT Page 2856supra, 221 Conn. 374, the fact that here there are two clerks, but one municipality, and confusion has previously occurred as a result, and the legislative action post Simko,
in enacting P.A. 88-79 and P.A. 89-356 evidencing an intent to allow more administrative appeals to proceed to their merits. "Our practice does not favor the termination of proceedings without a determination of the merits of the controversy where that can be brought about with due regard to necessary rules of procedure." (Internal quotation marks omitted.), Coppola v.Coppola, 243 Conn. 657, 665 (1998), quoting Johnson v.Zoning Board of Appeals, 166 Conn. 102, 111, 347 A.2d 53
(1974).
For me foregoing reasons, the court finds without necessarily determining which clerk is the "clerk of the municipality," that the plaintiffs need to amend the citation and reserve the appeal. The defendant' s motion to dismiss will be granted unless the plaintiffs amend me citation and reserve within fifteen days of the date of this decision.
D'ANDREA, J.