[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS (#103)
The issue before the court is whether the defendant's motion to dismiss should be granted on the ground that the court lacks jurisdiction because the defendants were not served with timely process pursuant to General Statutes § 8-8(b) The plaintiff, Timothy J. Russell, filed an appeal to the Superior Court, dated January 27, 2000, of a decision of the defendant, the zoning board of appeals of the town of Waterford, denying his application for certain variances. The town of Waterford is also named as a defendant in the appeal. Russell alleges the following.
Russell is the owner of an interest in property located at 95 Boston Post Road in Waterford, Connecticut. He filed an application with the board for variances to allow the construction of a commercial building in a commercial zone. On January 6, 2000, the board held a public hearing on Russell's application for variances. On January 10, 2000, the board voted to deny Russell's application. On January 13, 2000, notice of the board's decision was published in the New London Day. Russell alleges that he is aggrieved by the board's decision because he is the owner of an interest in land in the property subject to the appeal and he is deprived of the use of his property by the board's decision. Russell alleges that in denying his application, the board acted illegally, arbitrarily and in abuse of its discretion.
CT Page 12229 On June 7, 2000, the board and the town filed a motion to dismiss and supporting memorandum of law, pursuant to Practice Book § 10-31(a), on the ground that the court lacks jurisdiction to hear the case because Russell failed to serve process within fifteen days from the date that the board's decision was published, as required by General Statutes § 8-8(b). The board and the town argue that they were not served with process until February 1, 2000 over fifteen days after notice was published on January 13, 2000. They further argue that there are no appellate or supreme court cases that hold that General Statutes §52-593a(a), which provides an additional fifteen days for service of process if process was submitted to a sheriff within the original fifteen days, applies to administrative appeals.
On June 16, 2000, Russell filed a memorandum of law in opposition to the motion to dismiss, pursuant to Practice Book § 10-31(b), arguing that the motion should be denied because service was proper under General Statutes "§ 8-8(q). Russell argues that on January 27, 2000, he committed his appeal, writ and summons to a New London county deputy sheriff for service upon the board and the town, but the sheriff misplaced said documents and did not serve the board nor the town until February 1, 2000. Russell argues that this delay in service was not his fault, but was the result of neglect on the part of the sheriff, and the provisions of General Statutes § 8-8(q) apply. Furthermore, Russell argues that it would be an injustice under General Statutes § 8-8(p) to not allow him to take advantage of the provisions of subsection (q).
Accordingly, he argues that pursuant to General Statutes § 8-8(p) and (q), the motion to dismiss should be denied.
 DISCUSSION
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court."; (Emphasis in original; internal quotation marks omitted.) Gurliacci v.Mayer, 218 Conn. 531, 544, 590 A.2d 914 (1499). Practice Book §10-31(a) provides in relevant part: "The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter . . . (4) insufficiency of process, and (5) insufficiency of service of process." "Failure to take an administrative appeal within the statutory time limits goes to subject matter jurisdiction." Baumer v. ZoningCommission, Superior Court, judicial district of Danbury, Docket No. 323760 (January 15, 1997, Moraghan, J.) (18 Conn.L.Rptr. 652, 653), appeal dismissed, 45 Conn. App. 653, 697 A.2d 704 (1997).
"[I]n ruling upon whether a complaint survives a motion to dismiss, a CT Page 12230 court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader." (Internal quotation marks omitted.) Lawrence Brunoli, Inc. v. Branford, 247 Conn. 407, 410-11,722 A.2d 271 (1999). "The motion to dismiss . . . admits all facts which are well pleaded, invokes the existing record and must be decided upon that alone." (Internal quotation marks omitted.) Barde v. Board ofTrustees, 207 Conn. 59, 62, 539 A.2d 1000 (1988). "[W]here . . . the motion is accompanied by supporting affidavits containing undisputed facts, the court may look to their content for determination of the jurisdictional issue and need not conclusively presume the validity of the allegations of the complaint." (Internal quotation omitted.) Shay v.Rossi, 253 Conn. 134, 140, 749 A.2d 1147 (2000).
"A statutory right to appeal may be taken advantage of only by strict compliance with the statutory provisions by which it is created." (Internal quotation marks omitted) Cardoza v. Zoning Commission,211 Conn. 82, 557 A.2d 545 (1989). "[A]ny person aggrieved by any decision of a board[1] may take an appeal to the superior court for the judicial district in which the municipality is located. The appeal shall be commenced by service of process . . . within fifteen days from the date that notice of the decision was published as required by the general statutes." General Statutes § 8-8(b). General Statutes § 52-593a(a) provides: "Except in the case of an appeal from an administrative agency governed by section 4-183, a cause or right of action shall not be lost because of the passage of the time limited by law within which the action may be brought, if the process to be served is personally delivered to an officer authorized to serve the process or is personally delivered to the office of any sheriff within the time limited by law, and the process is served, as provided by law, within fifteen days of the delivery."
In the present case, Russell filed an appeal of the board's decision and committed process to the sheriff on January 27, 2000; (Plaintiff's Attachment; Sheriff's Affidavit); which is within fifteen days of the January 13, 2000, publication of notice. Nevertheless, the board and the town were not served with process within the fifteen days of the publication of notice as required by General Statutes § 8-8(b). In a sworn affidavit dated February 14, 2000, deputy sheriff Joseph LoGioco attested that the appeal and summons were committed to him for service on January 27, 2000, but due to his misplacement of said papers, process was not served until February 1, 2000. (Plaintiff's Attachment: Sheriff's Affidavit.); see also Sheriff's Return. The date that process was served on the board and the town, however, was within fifteen days of the sheriff's receipt of process from Russell.
Contrary to the argument made by the "board and the town, the "only CT Page 12231 administrative agency appeals excepted under § 52-593a are those governed by § 4-183." Country Gate Associates v. Middlebury, Superior Court, judicial district of Waterbury, Docket No. 122138 (September 20, 1996, Fineberg, J.). General Statutes § 52-593a (a) "applies to zoning appeals. If the legislature had intended to exclude administrative appeals pursuant to . . . General Statutes § 8-8, it would have expressly done so as it did in the case of an appeal from an administrative agency governed by the [Uniform Administrative Procedure Act] . . . General Statutes § 4-183." (Internal quotation marks omitted.) Francini v. Zoning Board of Appeals, Superior Court, judicial district of New London at New London, Docket No. 519228 (September 16, 1992, Hurley, J.) (7 C.S.C.R. 1148, 1149), aff'd on other grounds,228 Conn. 785, 639 A.2d 519 (1994) See also Kaufman v. ZoningCommission, 232 Conn. 122, 129, 653 A.2d 798 (1995) ("[T]he provisions of the Uniform Administrative Procedure Act do not govern a zoning appeal. . . .") "Thus, according to [General Statutes § 52-593a], if the process to be served is personally delivered to a sheriff within the time limited by law, and is then served within fifteen days of delivery, it is timely." Flaim Enterprises, Inc. v. Town Plan and Zoning Commission,
Superior Court, judicial district of New Haven, Docket No. 305860 (February 27, 1991, Celotto, J.) (3 Conn.L.Rptr. 291, 292).
The court finds that the motion to dismiss should be denied because service of process was saved by General Statutes § 52-593a(a). Russell committed service to the sheriff within the time limited by § 8-8(b), and although the sheriff did not serve process within fifteen days of the publication of notice, he served process on the board and the town within fifteen days of the process having been committed to him, in accordance with General Statutes § 52-593a(a).[2] SeeMercieri v. Zoning Board of Appeals, Superior Court, judicial district of Hartford-New Britain at New Britain, Docket No. 445844 (April 24, 1995, Rubinow, J.) ("[S]ince the sheriff served-process upon all parties within fifteen days of the date when the process was delivered to him, the service upon the [defendant] was timely."); Francini v. Zoning Board ofAppeals, supra, 7 C.S.C.R. 1149 ("General Statutes § 52-593a applies to this zoning appeal and extends by fifteen days the time that the sheriff may serve the defendant provided that the process has been personally delivered to the sheriff Within the time limited by law.");Gelinas v. Plan Zoning Commission, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 382396 (July 17, 1992,Schaller, J.), aff'd in part and rev'd in part on other grounds,225 Conn. 575, 626 A.2d 259 ("Since the sheriff received the process . . . within the fifteen day limitation period, and served the process in a timely fashion as required by General Statutes § 52-593a, [the] appeal is timely filed."); Flaim Enterprises, Inc. v. Town Plan and ZoningCommission, supra, 3 Conn.L.Rptr. 292 ("Because the plaintiff delivered CT Page 12232 the appeal to the sheriff . . . fourteen days after the . . . published decision, and because the defendant was served . . . within the fifteen day extension pursuant to [General Statutes] § 52-593a, this appeal was timely filed."). See also Standish v. Zoning Board of Appeals,
Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 345871 (December 2, 1988, O'Connor, J.) (4 C.S.C.R. 68);Stankiewicz v. Zoning Board of Appeals, Superior Court, judicial district of New London at Norwich, Docket No. 085013 (April 21, 1987, Hurley, J.) (2 C.S.C.R. 559), aff'd on other grounds, 15 Conn. App. 729, 546 A.2d 919
(1986), aff'd, 211 Conn. 76, 556 A.2d 11024 (1989).
 CONCLUSION
The plaintiff committed service to the sheriff within the time limited by § 8-8(b), and the sheriff served process on the board and the town within fifteen days of the process having been committed to him. The motion ho dismiss is therefore denied because service of process was saved in accordance with General Statutes § 52-593a(a).
D. Michael Hurley Judge Trial Referee